EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Héctor R. Díaz Vanga<br><br>Peticionario<br><br>v.<br><br>Comisión Estatal de Elecciones<br><br>Recurrida | Certiorari<br><br>2016 TSPR 63<br><br>195 DPR ____ |

Número del Caso: CC-2016-306

Fecha: 6 de abril de 2016

Tribunal de Apelaciones:

      Región Judicial de San Juan

Abogado de la Parte Peticionaria:

      Lcdo. Héctor Díaz Vanga

Materia: Resolución del Tribunal con Voto Particular Disidente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Héctor R. Díaz Vanga

    Peticionario

       v.                    CC-2016-306    Certiorari

Comisión Estatal de Elecciones

    Recurrida

RESOLUCIÓN

San Juan, Puerto Rico, a 6 de abril de 2016.

Examinada la *Moción Urgente en Auxilio de Jurisdicción*, se declara con lugar. En consecuencia, se paraliza el sorteo, la preparación de papeletas y cualquier otro procedimiento de la Comisión Especial de Primarias del PNP y de la Comisión Estatal de Elecciones, relacionado con las primarias al cargo de Senador por el Distrito de Arecibo.

Se ordena a la parte recurrida mostrar causa, en el término final e improrrogable de cinco (5) días, por la cual no procede revocar al Tribunal de Apelaciones.

Notifíquese **inmediatamente** por teléfono, facsímil y por la vía ordinaria.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez emitió un Voto particular disidente. La Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Kolthoff Caraballo no intervinieron.

                     Juan Ernesto Dávila Rivera
                  Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Héctor R. Díaz Vanga<br><br>Peticionario<br><br>v.<br><br>Comisión Estatal de Elecciones<br><br>Recurrido | **Núm.** CC-2016-0306 | |

Voto Particular Disidente emitido por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 6 de abril de 2016.

Por entender que los argumentos sustantivos del peticionario carecen de mérito y que debemos abstenernos de atender una controversia que no fue planteada ante el foro revisado, discrepo del curso de acción de una mayoría de este Tribunal en el caso de epígrafe.

El Artículo 8.012 de la *Ley electoral* es claro al establecer que "[l]os endosos requeridos por esta Ley deberán ser recibidos y remitidos a la Comisión desde la certificación de la candidatura por el partido político o desde que se solicita una candidatura independiente hasta el 15 de febrero del año de las Elecciones Generales". *Código Electoral de Puerto Rico para el Siglo XXI*, 16 L.P.R.A. sec. 4122. Asimismo, el Artículo 8.011 dispone que "[l]a hora límite en todos los casos serán las 12:00 del mediodía; cuando alguna de estas fechas cayere en un día no laborable, la misma se correrá al siguiente día laborable". 16 L.P.R.A. sec. 4121.

Luego de examinar las disposiciones legales pertinentes, es forzoso concluir que no nos encontramos propiamente ante un término cuya extensión pueda regirse por lo dispuesto en la Regla 68.1 de Procedimiento Civil, 32 L.P.R.A. Ap. VI, R.68.1, sino más bien ante una fecha límite para la cual su vigencia está específicamente pautada y predeterminada por disposición expresa de la *Ley electoral*. De esta manera, según dispone la ley, su extensión depende de que el día pautado no sea laborable para el ente gubernativo en cuestión, es decir, la Comisión Estatal de Elecciones (CEE).[1]

Según se desprende del expediente, el 15 de febrero de 2016, la fecha puntualmente fijada en la *Ley electoral* para presentar las peticiones de endoso, fue un día laborable en la CEE y esta entidad estaba abierta para recibir endosos. Más aun, es innegable que, para el peticionario, esa era la fecha en la que tenía que presentar sus endosos, habida cuenta de que acudió a la CEE, a las 3:34 p.m., para entregar los mismos. Ello, a pesar de que tenía hasta las 12:00 del mediodía para presentarlos. En ese momento, justificó su tardanza con presuntos inconvenientes de tráfico y desperfectos mecánicos que le impidieron llegar a la hora requerida. Convenientemente, el 16 de febrero de 2016, a las 8:00 a.m. se personó nuevamente

---

[1] Resulta preciso destacar que un término es distinguible de una fecha límite porque éste comienza a transcurrir luego de un evento o incidente determinado. De otra parte, una fecha límite no depende de la ocurrencia de un evento, puesto que está fijada con exactitud.

a la CEE para presentar otros endosos que, según alegó, había olvidado involuntariamente en el vehículo que el día anterior había sufrido desperfectos. Además, justificó su tardanza en entregar todos los endosos en supuestas dilaciones por parte de la CEE en el proceso. No fue hasta que presentó su recurso de revisión ante el Tribunal de Primera Instancia que el señor Díaz Vanga argumentó, por primera vez, que el 15 de febrero de 2016 era un día feriado.[2]

Por entender que los argumentos del peticionario son inmeritorios, que sus acciones fehacientemente demuestran que era consciente de la fecha límite para entregar sus endosos y dado que éste tenía conocimiento de que el 15 de febrero de 2016 era un día laborable en la CEE, proveería **no ha lugar** tanto a la moción en auxilio de jurisdicción como al recurso de *certiorari* presentados por éste.


                         Anabelle Rodríguez Rodríguez
                              Juez Asociada

---

[2] En cuanto a este proceder, cabe recordar que, en nuestro ordenamiento, constituye una norma firmemente establecida que los foros apelativos no adjudicarán controversias que **no fueron planteadas** ante el foro revisado. Véase *Abengoa, S.A. v. American Intl. Ins.,* 176 D.P.R. 512, 516 (2009); *Trabal Morales v. Ruiz Rodríguez,* 125 D.P.R. 340, 351 (1990).