EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Héctor R. Díaz Vangas<br><br>Peticionario<br><br>v.<br><br>Comisión Estatal de Elecciones<br><br>Recurrida | Certiorari<br><br>2016 TSPR 69<br><br>195 DPR ____ |

Número del Caso: CC-2016-306

Fecha: 6 de abril de 2016

Tribunal de Apelaciones:

    Región Judicial de San Juan

Abogado de la Parte Peticionaria:

    Lcdo. Héctor Díaz Vanga

Abogados de la Parte Recurrida:

    Lcdo. Manuel Izquierdo Encarnación
    Lcdo. Héctor Pabón Vega
    Lcdo. Hamed G. Santaella Carlo
    Lcdo. Jorge Martínez Luciano

Materia: Resolución del Tribunal con Voto Particular de Conformidad y Votos Particulares Disidentes.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Héctor R. Díaz Vangas

    Peticionario

        v.                    CC-2016-0306

Comisión Estatal de Elecciones

    Recurrido

RESOLUCIÓN

San Juan, Puerto Rico, a 15 de abril de 2016

Examinado el "*Recurso de Certiorari*" presentado por la parte peticionaria en el caso de epígrafe, se provee no ha lugar. Se ordena la continuación de los procedimientos ante la Comisión Especial de Primarias del Partido Nuevo Progresista y la Comisión Estatal de Elecciones relacionados con las primarias al cargo de Senador por el Distrito de Arecibo, que quedaron paralizados mediante nuestra orden del pasado 6 de abril de 2016.

Notifíquese inmediatamente por teléfono, facsímil y por la vía ordinaria.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez emitió un Voto particular de conformidad, el Juez Asociado señor Kolthoff Caraballo está conforme con la determinación de la mayoría y emite la siguiente expresión:

> "Aunque ciertamente el día establecido por el Art. 8.012(2)(b) de la Ley Electoral, 16 LPRA sec. 4122, coincidió con ser uno feriado, la Comisión Estatal de Elecciones (CEE) laboró ese día y estableció claramente, por todos los medios y para todos los aspirantes, que ese sería el último día para la presentación de los endosos. El propósito de una ley al permitir

la dilatación de una fecha límite en la presentación de un recurso ante un foro o, en este caso, endosos ante la CEE en días feriados, obedece a la realidad de que -como regla general- estos foros o agencias no laboran esos días. No obstante, en este caso la CEE decidió, en una actuación razonable dentro del marco de su Ley Orgánica -a la que estamos obligados a otorgar gran deferencia- sujetarse a la fecha de 15 de febrero establecida por la Ley Electoral como fecha límite para presentar los endosos debidos por los aspirantes. Así lo anunció, y finalmente funcionó ese día como un día normal de trabajo. No veo en qué manera esto pudo haber perjudicado al peticionario en comparación con todos los miles de aspirantes que se encontraban en las mismas condiciones".

El Juez Asociado señor Martínez Torres emitió un Voto particular disidente al cual se une el Juez Asociado señor Feliberti Cintrón. El Juez Asociado señor Estrella Martínez emitió un Voto particular disidente y hace constar la siguiente expresión:

"El Juez Asociado señor Estrella Martínez disiente por considerar que una interpretación integral de las normas aplicadas en su Voto Particular Disidente exigía concluir que la Comisión Estatal de Elecciones erró al no extender el término para que los aspirantes primaristas presentaran sus endosos. Ello, a pesar de que el último día era feriado legal, fundamento jurídico que hace irrelevante si la entidad estaba operando ese día. Lamentablemente, con la determinación de este Tribunal, hoy no se priva solamente al Lcdo. Héctor Díaz Vanga de figurar como aspirante primarista por el Distrito Senatorial de Arecibo, bajo la insignia del Partido Nuevo Progresista, toda vez que queda afectada también la voluntad de miles de electores que lo endosaron."

La Jueza Presidenta Oronoz Rodríguez no intervino.


                                   Juan Ernesto Dávila Rivera
                                   Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Héctor R. Díaz Vanga<br><br>Peticionario<br><br>v.<br><br>Comisión Estatal de Elecciones<br><br>Recurrido | **Núm.** CC-2016-0306 | |

Voto Particular de Conformidad emitido por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 15 de abril de 2016.

Estoy conforme con la determinación de este Tribunal de declarar no ha lugar el recurso de *certiorari* presentado. Resolver lo contrario implicaría desechar el texto claro del artículo 8.012 de la *Ley electoral* y sustituirlo por una interpretación desvariada de la interacción entre esa ley y otras disposiciones de aplicación general contenidas en las Reglas de Procedimiento Civil y el Código Político.

I

El Sr. Héctor Díaz Vanga, en calidad de aspirante a senador por el Distrito de Arecibo, comenzó el proceso de presentar los endosos requeridos por la Comisión Estatal de Elecciones (CEE) para participar en las primarias del Partido Nuevo Progresista. Con ese fin, a las 3:15 p.m. del 15 de febrero de 2016, acudió a la CEE para entregar las peticiones de endoso que le son requeridas a todos los candidatos que desean participar en primarias. Ese mismo día, el señor Díaz Vanga redactó a mano una misiva dirigida a la CEE. En ésta, explicó que se le había dificultado la entrega de los endosos oportunamente "debido a un gran tapón . . . en el expreso entre Manatí y Vega Baja". Indicó, además, que, como consecuencia del tapón, se le había

averiado su vehículo de motor, en el que había olvidado algunos endosos requeridos. Por último, suplicó que se aceptaran los 641 endosos que entregaba y que se le permitiera entregar el resto posteriormente.

Así las cosas, el 16 de febrero de 2016, el señor Díaz Vanga acudió nuevamente a las oficinas de la CEE para entregar el resto de los endosos que había olvidado en su vehículo de motor. Esta vez, redactó una segunda misiva en la que expresó que, el día anterior, había expuesto "la situación que no [le] permitió entregar antes de las 12:00 p.m." los endosos correspondientes. Asimismo, aseveró que la CEE había atrasado el proceso de distribución y recogido de endosos, lo que justificaba su tardanza al entregar los mismos.[1]

Mediante resolución, los Comisionados Electorales unánimemente determinaron que el señor Díaz Vanga había incumplido con los requisitos pautados en la *Ley electoral* relacionados con la entrega de los endosos. Específicamente, determinaron que los endosos habían sido entregados luego de la fecha límite establecida por ley para ello, esto es, el 15 de febrero de 2016, a las 12:00 p.m. Insatisfecho con esta

---

[1] A diferencia de lo expresado en el Voto Particular Disidente del Juez Asociado Estrella Martínez, estimo que el relato del señor Díaz Vanga de los inconvenientes que le impidieron llegar a la CEE antes del mediodía del 15 de febrero de 2016, son altamente relevantes. Véase *Voto Particular Disidente* (Estrella Martínez, J.), en la pág. 3, n. 1 ("estas consideraciones son totalmente irrelevantes . . . ".). Las justificaciones ofrecidas por el señor Díaz Vanga evidencian su conocimiento de que: (1) el 15 de febrero de 2016 era un día laborable para la CEE; (2) los endosos debían ser entregados antes de las 12:00 p.m. en esa fecha, y (3) éste era plenamente consciente de que hacía entrega de los endosos tardíamente.

determinación, el señor Díaz Vanga acudió al Tribunal de Primera Instancia. Allí, reiteró su planteamiento en torno a cómo la CEE había dilatado el proceso de recogido de endosos. Por primera vez, también arguyó que, dado que el 15 de febrero de 2016 era un día feriado, la fecha límite para entregar los endosos se extendía al día siguiente.

El Tribunal de Primera Instancia rechazó los planteamientos del peticionario, razonando que la fecha límite fijada por ley para entregar los endosos había sido un día laborable para la CEE. El Tribunal de Apelaciones, por su parte, denegó el recurso de *certiorari* presentado por el señor Díaz Vanga, concluyendo que éste tenía pleno conocimiento de la fecha límite para entregar los endosos y de que la CEE estaría operando y recibiendo los mismos durante ese día. Insatisfecho con las determinaciones de los tres foros *a quo*, el señor Díaz Vanga acudió a este Tribunal mediante un recurso de *certiorari* y una moción urgente en auxilio de jurisdicción. Equivocadamente, una mayoría de los integrantes de este Foro optó por paralizar los procedimientos de la CEE relacionados con las primarias para el puesto al que aspira el señor Díaz Vanga. Véase *Res. del 6 de abril de 2016* (Rodríguez Rodríguez, J. Voto Particular Disidente).

Expedir el recurso presentado para revocar las determinaciones de los foros recurridos conllevaría avalar el uso de subterfugios y artimañas jurídicas por parte de un aspirante para justificar su incumplimiento con los requisitos

uniformes exigidos a todos los candidatos. Esto, a su vez, significaría permitirle al señor Díaz Vanga entregar más de una tercera parte de las peticiones de endoso requeridas para participar en una primaria fuera de la fecha límite establecida por ley y reglamento para ello, y con la cual los otros aspirantes sí procuraron cumplir diligentemente.

**II**

El texto del Artículo 8.012 de la *Ley electoral* palmariamente fija como fecha límite para la entrega de las peticiones de endoso el 15 de febrero del año de las elecciones generales. Véase *Código Electoral de Puerto Rico para el Siglo XXI*, 16 L.P.R.A. sec. 4122. De otra parte, el Artículo 8.011 dispone que "[l]a hora límite en todos los casos serán las 12:00 del mediodía; cuando alguna de estas fechas cayere en un **día no laborable**, la misma se correrá al siguiente día laborable". 16 L.P.R.A. sec. 4121 (énfasis suplido). Estas disposiciones apuntan claramente a que el criterio rector al momento de extender una fecha límite a las que aplica el Artículo 8.011 es que se trate de un día no laborable y no de un día feriado. Por tanto, la referencia a día feriado contenida en la Regla 68.1 de Procedimiento Civil es inaplicable al caso ante nuestra consideración.[2]

---

[2] Nótese que la razón por la cual la Regla 68.1 alude a días feriados como motivo para extender el vencimiento de un término es la imprecisión en torno a cuándo éste comienza y culmina en lo que respecta a días en el calendario. De otra parte, cuando se señala una fecha límite pautada de antemano y con precisión, tal y como la que establece el Artículo 8.012 de la *Ley electoral*, sería desacertado aplicar con automatismo irreflexivo

Dado que el 15 de febrero de 2016 fue un día laborable en la CEE y el señor Díaz Vanga tenía pleno conocimiento de ello, estimo improcedente permitirle entregar tardíamente los endosos en cuestión. Las actuaciones del señor Díaz Vanga inequívocamente comprueban que éste sabía que la CEE estaría aceptando los endosos hasta el mediodía del 15 de febrero de 2016 por tratarse de un día laborable para esa entidad. Justamente por tener conocimiento de que la CEE operaría durante ese día fue que se personó, a las 3:45 p.m., a entregar parte de los endosos requeridos. Además, precisamente porque sabía que había incumplido con la fecha límite establecida mediante ley y reglamento, solicitó que se aceptaran tardíamente sus peticiones de endoso, justificando su tardanza en presuntos problemas con su vehículo de motor.

Por último, es importante subrayar que el señor Díaz Vanga no planteó inicialmente que el 15 de febrero de 2016 era un día feriado, por lo que procedía su extensión conforme a la Regla 68.1 de Procedimiento Civil. Ese planteamiento nunca estuvo ante

---

las disposiciones de la Regla 68.1. Más aún cuando la extensión de esa fecha límite está específicamente condicionada a que se trate de un día **no laborable** en la agencia de la que se trate. Cabe destacar, como lo hizo el Tribunal de Apelaciones al denegar el recurso de *certiorari* presentado por el señor Díaz Vanga, que el propósito principal de la extensión de los términos es no afectar los derechos de las partes al exigirle realizar una acción en un día en que el ente gubernamental ante el cual debe realizarla no está en operaciones. Véase *Díaz Vanga v. C.E.E.*, KLAN201600344, en la pág. 12. Además, consideraciones relacionadas con el principio de especialidad militan a favor de la aplicación de la fecha límite establecida en la *Ley electoral*. En este caso, el texto claro del Artículo 8.012 ha de tener primacía ante las normas de aplicación general contenidas en las Reglas de Procedimiento Civil y el Código Político, en la eventualidad de que éstas fueran de aplicación.

la consideración de la CEE. En cambio, el señor Díaz Vanga sí planteó ante la CEE un supuesto retraso en el proceso de recogido y distribución de endosos, argumento que fue descartado por el foro primario. Es preciso reiterar, pues, que constituye una norma firmemente establecida en nuestro ordenamiento que los foros apelativos deberán abstenerse de adjudicar controversias que **no fueron planteadas** ante el foro revisado. Véase *Abengoa, S.A. v. American Intl. Ins.,* 176 D.P.R. 512, 516 (2009); *Trabal Morales v. Ruiz Rodríguez,* 125 D.P.R. 340, 351 (1990).

### III

Por los fundamentos que anteceden, avalo la determinación de una mayoría de este Tribunal de denegar el recurso de *certiorari* presentado por el señor Díaz Vanga y, consiguientemente, confirmar las determinaciones de los foros recurridos fundamentadas en el texto claro de la *Ley electoral* y el conocimiento irrebatible del señor Díaz Vanga de su incumplimiento con ésta.

Anabelle Rodríguez Rodríguez
Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Héctor R. Díaz Vanga

    Peticionario

       v.

                           CC-2016-0306

Comisión Estatal de Elecciones

    Recurrida

Voto particular disidente emitido por el Juez Asociado señor MARTÍNEZ TORRES al cual se unió el Juez Asociado señor FELIBERTI CINTRÓN.

En San Juan, Puerto Rico, a 15 de abril de 2016.

A diferencia de la mayoría del Tribunal, opino que el Lcdo. Héctor R. Díaz Vanga presentó los endosos requeridos por la Ley Electoral del Estado Libre Asociado de Puerto Rico (Ley Electoral), _infra_, oportunamente. Esto se debe a que la fecha límite para completar esa gestión fue un día feriado, por lo que procedía, por mandato de ley, que la Comisión Estatal de Elecciones (CEE) la extendiera hasta el próximo día de trabajo. Por esa razón, disiento respetuosamente.

I

El licenciado Díaz Vanga presentó su intención de ser candidato al cargo de Senador por el Distrito

III de Arecibo bajo la insignia del Partido Nuevo Progresista. Para poder aspirar a ese cargo, y conforme lo dispone la Ley Electoral, la CEE le requirió que presentara 3,000 peticiones de endoso en o antes del 15 de febrero de 2016. El 1 de febrero de 2016, el licenciado Díaz Venga presentó los primeros 1,524 endosos ante la CEE. Posteriormente, sometió endosos adicionales hasta llegar a los 2,085. El 15 de febrero de 2016, fecha límite para completar esa gestión, el peticionario entregó 641 peticiones de endoso a la CEE, las cuales el organismo electoral aceptó en calidad de depósito. Al día siguiente, el 16 de febrero de 2016, el licenciado Díaz Vanga presentó 381 peticiones de endoso adicionales para completar los 3,000 requeridos por la Ley Electoral, _infra_. La CEE, igualmente, las aceptó en calidad de depósito. Ese mismo día el peticionario presentó un escrito ante la agencia en el que solicitó que se recibieran y contaran todos los endosos que sometió. Además, alegó que el retraso en la entrega de los documentos se debió a que la CEE le entregó las peticiones de endoso en dos partes, lo que atrasó el proceso. Tres días después, la CEE determinó que el peticionario no cumplió con la Ley Electoral, _supra_, al no presentar la cantidad de peticiones de endoso requeridas. Ese mismo día la CEE le notificó al licenciado Díaz Vanga la cancelación de su notificación de intención de candidatura.

Insatisfecho con esa determinación de la CEE, el peticionario recurrió al Tribunal de Primera Instancia, donde argumentó que debido a que el 15 de febrero de 2016 fue un día festivo, la fecha límite para someter las peticiones de

endoso se debía prorrogar al próximo día laborable, es decir, al 16 de febrero de 2016. El foro primario proveyó no ha lugar a ese recurso. En desacuerdo con ese dictamen, el licenciado Díaz Vanga acudió ante el Tribunal de Apelaciones y reiteró los reclamos que hizo ante el Tribunal de Primera Instancia. El foro apelativo intermedio denegó el recurso. Ante ese cuadro, el peticionario recurrió ante nos mediante una petición de _certiorari_ y, en esencia, planteó los mismos argumentos que hizo ante los foros inferiores, esto es, que la fecha límite para entregar las peticiones de endosos se debió extender hasta el martes, 16 de febrero de 2016.

Luego de evaluar con detenimiento los planteamientos del licenciado Díaz Vanga, así como los de la CEE, entiendo que procede expedir el recurso de _certiorari_ y revocar la determinación del Tribunal de Apelaciones.

II

La Ley Electoral regula todo lo concerniente a los procesos electorales en Puerto Rico. Una de las etapas iniciales de ese proceso son las primarias, en donde los partidos políticos seleccionan los candidatos que aparecerán bajo sus insignias en las elecciones generales. Los requisitos con los que todos los aspirantes a alguna candidatura deben cumplir están contemplados en la Ley Electoral, _supra_, así como en una serie de reglamentos adoptados por la CEE que complementan al estatuto. Uno de los requisitos que deben cumplir los aspirantes es la presentación de cierto número de peticiones de endoso, cantidad que varía según el cargo al que se aspira.

En lo pertinente a la controversia ante nuestra consideración, el Art. 8.012 de la Ley Electoral, 16 LPRA sec. 4122, dispone lo siguiente: "Los endosos requeridos por este subtítulo deberán ser recibidos y remitidos a la Comisión desde la certificación de la candidatura por el partido político o desde que se solicita una candidatura independiente **hasta el 15 de febrero del año de las elecciones generales**". (Énfasis suplido). La CEE incorporó este mismo lenguaje en las secciones 2.2 y 3.6 de su Reglamento para los procesos de radicación de candidaturas de los partidos políticos, candidaturas independientes y para los procesos con antelación a primarias y elecciones generales. Comisión Estatal de Elecciones del Estado Libre Asociado de Puerto Rico, Reglamento para los procesos de radicación de candidaturas de los partidos políticos, candidaturas independientes y para los procesos con antelación a primarias y elecciones generales, aprobado el 14 de octubre de 2015.

Por otra parte, el Art. 8.011 de la Ley Electoral, 16 LPRA sec. 4121, establece que:

La Comisión y los partidos políticos abrirán el proceso de presentación de candidaturas el 1 de diciembre del año antes en que se celebrarán las elecciones generales hasta el 30 de diciembre del mismo año. **Las fechas límites que aplicarán a los procesos y actividades relacionadas con dichas primarias serán establecidas mediante reglamento por la Comisión**. La hora límite en todos los casos será las 12:00 del mediodía; cuando **alguna de estas fechas cayere en un día no laborable, la misma se correrá al siguiente día laborable**. (Énfasis suplido).

A su vez, el Art. 2.004 de la Ley Electoral, 16 LPRA sec. 4004, dispone que: "**[e]n el <u>cómputo de los términos</u>** expresados en este subtítulo aplicarán las Reglas de Procedimiento Civil de Puerto Rico de 2009, Ap. V del Título 32, excepto para los fijados en las secs. 4015 y 4045 de este título los cuales serán taxativos". (Énfasis suplido). En esta misma dirección, el Art. 388 del Código Político señala que "[e]l tiempo en que cualquier acto prescrito por la ley debe cumplirse, **se computará** excluyendo el primer día e incluyendo el último día, a menos que éste sea día de fiesta, en cuyo caso será también excluido". 1 LPRA sec. 72. (Énfasis suplido).

El peticionario sostiene que debemos interpretar el Art. 8.012 de la Ley Electoral, <u>supra</u>, a la luz de lo dispuesto en los Arts. 8.011, <u>supra</u>, y 2.004, <u>supra</u>, del mismo estatuto, así como en el Código Político, y de esa forma, concluir que debido a que el 15 de febrero de 2016 fue un día feriado por disposición de ley, la fecha límite para presentar las peticiones de endoso debía prorrogarse hasta el próximo día laborable, es decir, el 16 de febrero de 2016.

Para resolver ese planteamiento debemos examinar si esas disposiciones modifican, de alguna forma, el texto del Art. 8.012, <u>supra</u>. Este dispone que la fecha límite para cumplir con la presentación de los endosos es el 15 de febrero del año en que se celebran las elecciones generales. Luego de un análisis cuidadoso de esas disposiciones, opino que la interpretación de la Ley Electoral que propone el peticionario es correcta, **pero exclusivamente por las**

**disposiciones del Art. 389 del Código Político**, 1 LPRA sec. 73.

En primer lugar, considero que el alcance del Art. 8.011 de la Ley Electoral, <u>supra</u>, está limitado exclusivamente a los términos que la CEE establezca por reglamento y no a los términos creados por la ley Electoral. La oración que dispone que "cuando alguna de **estas fechas** cayere en un día no laborable, la misma se correrá al siguiente día laborable" hay que analizarla en conjunto con la oración que la precede y que claramente limita su aplicabilidad a las fechas límites relacionadas con las primarias **"establecidas mediante reglamento por la [CEE]"**.

La fecha límite para presentar los endosos no es una fecha límite establecida por la CEE mediante reglamento. Se trata de una fecha específica **establecida por la Ley Electoral**. El hecho de que la CEE incorporara esa fecha límite a su reglamento no altera su naturaleza y origen estatutario. Por lo tanto, opino que la disposición contenida en este artículo que permite correr esa fecha al próximo día laborable no es aplicable a la fecha en controversia en este caso.

En segundo lugar, el texto del Art. 2.004 de la Ley Electoral, <u>supra</u>, limita la aplicación de las Reglas de Procedimiento Civil **al cómputo de los términos** establecidos en ese estatuto. Computar un término implica llevar a cabo un cálculo para, a partir de un suceso o una incidencia, conocer cuándo ha de terminar un período de tiempo determinado. Computar está definido como: 1. Contar o calcular por números

algo, principalmente los años, tiempos y edades; 2. Tomar algo en cuenta, en general o de manera determinada. La Real Academia Española, Diccionario esencial de la lengua española, Madrid, Escasa Calpe, 2006, pág. 376.

Para conocer la fecha límite que tienen los aspirantes para presentar los endosos que la Ley Electoral requiere, no es necesario llevar a cabo algún cálculo o cómputo. Al ser una fecha límite expresa, no movible, los aspirantes políticos conocen con anticipación el momento exacto en el que deben cumplir con ese requisito estatutario. De esa forma, no tienen que hacer ningún cómputo ni cálculo para conocer hasta cuándo tienen para cumplir con ese requisito. Por lo tanto, considero que el Art. 2.004, supra, tampoco aplica a la fecha límite establecida en el Art. 8.012, supra. Es decir, las Reglas de Procedimiento Civil no modifican ni alteran esa fecha límite.

Así pues, resta por determinar si los precitados artículos del Código Político alteran de alguna forma las disposiciones del Art. 8.012 de la Ley Electoral, supra, y por consiguiente, la fecha límite para presentar las peticiones de endoso. En primer lugar, es importante denotar que el Art. 388 del Código Político, supra, regula, al igual que el Art. 2.004 de la Ley Electoral, supra, el **cómputo de términos**, para conocer cuándo concluye un período de tiempo para llevar a cabo determinado acto. Por lo tanto, esta disposición es igualmente inaplicable a la controversia ante nuestra consideración, puesto que aquí no hay nada que computar.

III

En tercer lugar, debemos examinar si el Art. 389 del Código Político, supra, hace meritorio el reclamo del licenciado Díaz Vanga. Este artículo establece lo siguiente: "Cuando algún acto **haya de ejecutarse** bajo la ley o en virtud de contrato **en un día señalado**, y tal día ocurriere en día de fiesta, dicho acto podrá realizarse en el próximo día de trabajo, teniendo el mismo efecto que si se hubiera realizado en el día señalado". (Énfasis suplido). Luego de un riguroso examen de este artículo, me parece que es inescapable concluir que aplica a la controversia ante nuestra consideración.

El Art. 389 del Código Político, íd., claramente establece que un acto que por ley se tiene que efectuar en una fecha cierta que ese año es día feriado, se podrá llevar a cabo el próximo día de trabajo, con el mismo efecto que si se hubiera llevado a cabo el día señalado. Adviértase que esta disposición no está limitada a escenarios donde se tiene que computar un término para conocer la fecha en que termina un período de tiempo o plazo. Por el contrario, es más amplia y también aplica a fechas exactas predeterminadas por ley.

Este año, el tercer lunes del mes de febrero fue día de fiesta oficial en el Estado Libre Asociado de Puerto Rico. En esa fecha se celebró el Día de los presidentes y el Día de los próceres puertorriqueños. Ley Núm. 88 de 27 de junio de 1969, según enmendada, 1 LPRA sec. 84; Art. 3 de la Ley Núm. 111-2014, 1 LPRA sec. 85. Precisamente, por esto es que opino que la norma del Art. 389, supra, aplica a la fecha límite para la presentación de las peticiones de endoso ante la CEE. Se trata de una fecha cierta predeterminada por la Ley

Electoral, *supra*, que en unos años puede ser día feriado y en otros no. No se trata de un acto que se realizará siempre en un día no laborable. Si así fuera, el Art. 389, *supra*, no aplicaría.

Como en este año el 15 de febrero coincidió con un día feriado, la fecha límite para presentar los endosos se extendió hasta el próximo día de trabajo, es decir, el 16 de febrero de 2016. Así, opino que el licenciado Díaz Vanga, igual que todos los demás aspirantes, tenía hasta esa fecha para entregar los endosos requeridos por la Ley Electoral, *supra*. En consecuencia, considero que procede que la CEE evalúe todos los endosos que presentó el peticionario, conforme a la Ley Electoral, *supra*, y los reglamentos pertinentes.

El hecho de que la CEE decidiera trabajar durante un día feriado no altera mi razonamiento. La CEE bien pudo haber estado cerrada, u operando, como en efecto estuvo, y eso no hace inaplicable el Art. 389 del Código Político, *supra*, pues lo determinante es que el 15 de febrero de 2016 fue un día feriado. No hay duda de que las decisiones sobre gerencia pública le corresponden a las agencias administrativas. Lo que bajo ningún concepto puede ocurrir, como desafortunadamente avala una mayoría de este Tribunal hoy, es que en ese proceso la agencia haga caso omiso y no aplique una disposición expresa de un estatuto (el Código Político), en perjuicio de un ciudadano.

Finalmente, debe quedar claro que nos encontramos ante un procedimiento judicial, que si bien inicia en una agencia

administrativa (la CEE) no se ciñe a las normas tradicionales de revisión judicial de decisiones administrativas. Este procedimiento está regulado expresamente por los Arts. 4.001 y 4.002 de la Ley Electoral, 16 LPRA secs. 4031-4032, los cuales establecen unas normas especiales para este tipo de escenarios. Así, a diferencia de un procedimiento ordinario de revisión judicial de una decisión donde la parte recurre al Tribunal de Apelaciones, en estos casos la parte tiene que presentar su reclamo ante el Tribunal de Primera Instancia. Ese foro, a su vez, celebra una vista en su fondo, recibe evidencia y formula sus determinaciones de hecho y conclusiones de derecho. Íd. En otras palabras, se trata de un juicio *de novo* ante el foro primario. Así, y a diferencia de un procedimiento ordinario de revisión judicial, allí las partes pueden presentar **toda** la prueba pertinente, y **todos** sus argumentos de Derecho, sin sujeción a lo planteado previamente en el procedimiento ante la CEE. Granados v. Rodríguez Estrada I, 124 DPR 1 (1989). Por lo tanto, el hecho de que el licenciado Díaz Vanga presentara por primera vez ante el Tribunal de Primera Instancia el argumento de que debía extenderse la fecha límite para presentar los endosos al 16 de febrero de 2016, no es impedimento para que lo consideremos en esta etapa y resolvamos a su favor.

IV

Por todo lo anterior, disiento respetuosamente de la Resolución del Tribunal. En cambio, expediría el auto de certiorari y revocaría la determinación del Tribunal de Apelaciones para que la CEE evalúe todos los endosos que

presentó el peticionario, conforme a la Ley Electoral, supra, y los reglamentos pertinentes.

RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Héctor R. Díaz Vanga

    Peticionario

      v.                       CC-2016-306
    Certiorari

Comisión Estatal de Elecciones

    Recurrida

Voto particular disidente emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 15 de abril de 2016.

Disiento por considerar que una interpretación integral de las normas analizadas en este disenso exigía concluir que la Comisión Estatal de Elecciones erró al no extender el término para que los aspirantes primaristas presentaran sus endosos. Ello, a pesar de que el último día era feriado legal, fundamento jurídico que hace irrelevante si la entidad estaba operando ese día. Lamentablemente, con la determinación de este Tribunal, hoy no se priva solamente al Lcdo. Héctor Díaz Vanga de figurar como aspirante primarista por el Distrito Senatorial de Arecibo, bajo la insignia del Partido Nuevo Progresista, toda vez que queda afectada también la voluntad de miles de electores que lo endosaron.

I

El Lcdo. Héctor R. Díaz Vanga (licenciado Díaz Vanga) aspira a participar en el proceso de primarias del Partido Nuevo Progresista para convertirse en candidato a Senador por el Distrito de Arecibo por esa colectividad. Para ello, se le requirió la entrega de 3,000 peticiones de endoso. Como parte de ese proceso, el 1 de febrero de 2016, el licenciado Díaz Vanga presentó a la Comisión Estatal de Elecciones (CEE) 1,524 peticiones de endoso y luego sometió endosos adicionales a fin de completar las peticiones de endoso antes del término dispuesto.

El 15 de febrero de 2016, el licenciado Díaz Vanga compareció ante la CEE a las 3:15 pm y entregó 641 peticiones de endoso. Luego, el 16 de febrero de 2016 acudió a la CEE y suministró 381 peticiones de endoso adicionales. En esa misma fecha, el licenciado Díaz Vanga solicitó a la CEE que se recibieran los endosos y, entre otras cosas, argumentó que ésta atrasó el proceso de distribución y recogido de éstos.

El 19 de febrero de 2016, los Comisionados Electorales determinaron que el licenciado Díaz Vanga no cumplió con los requisitos de ley para la entrega de los endosos. Concluyeron que éste no presentó la cantidad requerida para ello dentro del último día del término contemplado por la CEE, a saber: 15 de febrero de 2016. Así las cosas, la CEE notificó la cancelación de *Notificación de intención de candidatura* del peticionario.

En desacuerdo, el licenciado Díaz Vanga acudió ante el Tribunal de Primera Instancia. Al así hacerlo, reiteró que la CEE dilató el proceso para el cumplimiento de los endosos requeridos y que entregó la totalidad de éstos. A su vez, argumentó que en aquellos casos en que el último día del término recayera en un día feriado, la misma se extendería hasta el día siguiente, por lo que reclamó que siendo el 15 de febrero de 2016 un día festivo debía extenderse el término para presentar los endosos al próximo día laborable.[3]

El Tribunal de Primera Instancia emitió una Sentencia el 7 de marzo de 2016, archivada en autos el 9 de marzo de 2016, en la cual declaró no ha lugar el recurso presentado por el licenciado Díaz Vanga. En específico, el foro primario concluyó que el último día del término fijado para presentar los endosos fue un día laborable para la CEE, por lo que el candidato incumplió con los plazos fijados para presentar los endosos requeridos. Asimismo, despachó el reclamo del licenciado Díaz Vanga en torno a la dilación de la CEE en entregar las peticiones de endoso, al concluir que la causa que impidió su candidatura fue su incumplimiento con el término fijado para presentar los endosos.

---

[3]Además, el licenciado Díaz Vanga indicó que el día 15 de febrero de 2016 su vehículo presentó desperfectos mecánicos. Asimismo, explicó que, por olvido involuntario, no entregó todos los endosos en esa fecha, ya que éstos se encontraban en su otro vehículo. No obstante, estas consideraciones son totalmente irrelevantes ante el derecho que se expondrá en este Voto Particular Disidente.

Inconforme, el licenciado Díaz Vanga acudió ante el Tribunal de Apelaciones. En lo pertinente, señaló que erró el Tribunal de Primera Instancia al entender que no procedía la extensión del término para presentar los endosos al próximo día laborable, por haber sido éste un día festivo. El 23 de marzo de 2016, archivada en autos el 28 de marzo de 2016, el foro apelativo intermedio emitió la Resolución denegatoria del recurso presentado. Concluyó que el licenciado Díaz Vanga conocía que el 15 de febrero de 2016 era la fecha establecida como término final para presentar los endosos, en o antes del mediodía. Además, consideró el hecho de que la CEE laboró en esa fecha, por lo que razonó que no existe justificación alguna para extender el término al próximo día.

Ante tales determinaciones, el licenciado Díaz Vanga acude ante este Tribunal y reitera que aplica la extensión de un día del término de entrega de endosos conforme lo dispone la Ley Electoral. A su vez, y ante lo inminente de que el sorteo para las papeletas para el cargo al que aspira estaba señalado para el 7 de abril de 2016, y el hecho de que se dispuso el 11 de abril de 2016 como la fecha para que se notifique a la CEE los cargos para los cuales habrá primarias en cada partido político, el licenciado Díaz Vanga nos solicitó la paralización de la preparación de las papeletas en torno a la primaria de Senador por el Distrito de Arecibo y el sorteo de números para la preparación de éstas.

En consecuencia, este Tribunal emitió una Resolución para conceder a la parte recurrida un término perentorio a fin de disponer del asunto ante nuestra consideración. Asimismo, acogimos la petición del licenciado Díaz Vanga de paralizar los procesos ante la CEE con relación a su candidatura. Sin embargo, el recurso de *certiorari* presentado por el peticionario ha desembocado en la convalidación de una interpretación errada.

II

La Ley Electoral del Estado Libre Asociado de Puerto Rico (Ley Electoral), 16 LPRA sec. 4001 *et seq.*, rige los procesos relacionados con uno de los más fundamentales pilares de nuestra sociedad: el derecho a poder elegir los gobiernos de los pueblos. La Ley Electoral afianza la garantía de expresión electoral que representa el más eficaz instrumento de expresión y participación ciudadana en un sistema democrático de gobierno. 16 LPRA sec. 4002.

En lo que nos atañe, la Ley Electoral establece los procesos para aspirar a la candidatura de un cargo electivo. A estos efectos, el estatuto contempla que las personas que desean aspirar a una candidatura para un cargo público electivo por un partido político deberán cumplir con los requisitos que así se establezcan. Éstos deben ser aplicados y exigidos uniformemente a todas las personas que interesen aspirar a la candidatura. 16 LPRA sec. 4111. De igual forma, establece las fechas para abrir

las candidaturas y las fechas límites que los aspirantes tendrán que cumplir.

El proceso de candidaturas está regido por el Art. 8.011 de la Ley Electoral, 16 LPRA sec. 4121, que establece como fecha de inicio el 1 de diciembre del año antes en que se celebren las elecciones generales hasta el 30 de diciembre del mismo año. Asimismo, dispone que la hora límite en todos los casos será las 12:00 del mediodía y que "cuando alguna de estas fechas cayere un día no laborable, la misma se correrá al siguiente día laborable". Íd. Estos requisitos también aplican a los candidatos independientes. En cuanto a las primarias, el Art. 8.011 de la Ley Electoral contempla que las fechas límites que aplicarán serán establecidas mediante reglamento por la CEE.

En el caso de las peticiones de endoso para primarias y candidaturas independientes, el Art. 8.012 de la Ley Electoral, 16 LPRA sec. 4122, requiere a los aspirantes presentar una cantidad de peticiones de endoso dependiendo del cargo electivo al que se interesa aspirar. Ahora bien, en ningún caso la cantidad de peticiones de endoso para primarias será mayor de 3,000, excepto los aspirantes a Gobernador y Comisionado Residente para cuyos puestos se requiere no más de 8,000 endosos. 16 LPRA sec. 4122 (1) (a). A su vez, el Art. 8.012 de la Ley Electoral dispone expresamente cómo deben presentarse

las peticiones de endoso y prescribe cuándo vence el término para ello al disponer lo siguiente:

> En ningún caso se podrá presentar más del ciento veinte por ciento (120%) de peticiones requeridas. Durante los últimos quince (15) días del periodo de presentación de peticiones de endoso para primarias ningún aspirante podrá presentar más del cincuenta por ciento (50%) de la cantidad máxima de peticiones requeridas. **Los endosos requeridos** por este subtítulo **deberán ser recibidos y remitidos a la Comisión desde la certificación de la candidatura por el partido político o desde que se solicita una candidatura independiente hasta el 15 de febrero del año de las elecciones generales.** El aspirante o candidato tendrá un periodo de quince (15) días para subsanar los endosos invalidados por la Comisión. 16 LPRA sec. 4122 (2) (b). (Énfasis suplido).

Por su parte, el 14 de octubre de 2015, la CEE aprobó el *Reglamento para los procesos de radicación de candidaturas de los partidos políticos, candidaturas independientes y para los procesos con antelación a primarias y elecciones generales* (Reglamento de la CEE)*.* La Sec. 2.2 y la Sec. 3.6 del Reglamento de la CEE establecen el calendario y las fechas límites para los distintos procesos electorales. En cuanto al término para presentar los endosos, el Reglamento de la CEE incorporó automáticamente el lenguaje contenido en el Art. 8.012 de la Ley Electoral al establecer el **lunes, 15 de febrero de 2016,** como el plazo final del término concedido para la radicación del 100% de las peticiones de endoso para las primarias de todos los

aspirantes de los partidos políticos y candidaturas independientes.[4]

De igual forma, la Sec. 3.6 del Reglamento de Candidaturas Primarias 2016 del Partido Nuevo Progresista (Reglamento Primarias PNP), aprobado el 13 de octubre de 2015, dispone como sigue:

> Cualquier elector que desee concursar en unas primarias, además de cumplir con los requisitos de ley y del reglamento, deberá presentar ante la Comisión la cantidad de peticiones de endoso requerida por la Ley Electoral para el cargo público electivo que interese aspirar.
>
> En ningún caso se podrá presentar más del ciento veinte por ciento (120%) de peticiones requeridas. Durante los últimos 15 días del período de presentación de peticiones de endoso para primarias ningún aspirante podrá presentar más del cincuenta por ciento (50%) de la cantidad máxima de peticiones requeridas. **Los endosos requeridos por la Ley Electoral deberán ser recibidos y remitidos a la Comisión desde la certificación de la candidatura por el PNP hasta el 15 de febrero del año de las Elecciones Generales**. El aspirante o candidato tendrá un periodo de 15 días para subsanar los endosos invalidados por la Comisión. Véase, Reglamento Primarias PNP en https://www.pnppr.com/primarias/Reglamento-de Candidatura-Primarias-2016 201510221428.pdf (última visita 7 de abril de 2016). (Énfasis suplido).

Ante esa realidad, del Art. 8.012 de la Ley Electoral se desprende que el término para presentar los endosos discurre "desde la certificación de la

---

[4]Advertimos que el referido reglamento no establece los días en que la Comisión Estatal de Elecciones labora. Solo se limitó a implantar el calendario para los procesos de primarias. Asimismo, la Sec. 6.6 del Reglamento aclara que los términos establecidos en éste, y que "no son prescritos por la Ley Electoral, podrán ser variados por la Comisión en casos meritorios y por causa justificada y notificando siempre a las partes".

candidatura por el partido político o desde que se solicita una candidatura independiente hasta el 15 de febrero del año de las elecciones". 16 LPRA sec. 4122.

Conforme a la definición de la Real Academia Española, el vocablo "término" se define, entre otras, como un "último momento de la duración o existencia de algo", o "un plazo de tiempo determinado", por lo que obviamente uno de los propósitos de un término es fijar con exactitud un periodo de tiempo, independientemente de que éste tenga que ser computado o cuente con fechas ciertas.[5] Precisamente, a nivel jurídico, se define "término" como "plazo, espacio entre dos **fechas**. Período de tiempo que tiene por efecto retardar la ejecución de una obligación o de decidir la extinción de ésta, **bien sea en una fecha específica** o cuando ocurra un suceso futuro de acaecimiento seguro". Véase, Ignacio Rivera García, Diccionario de Términos Jurídicos, 2da Ed. Revisada, pág. 289. (Énfasis suplido). El Art. 8.012 contiene un plazo entre dos fechas para ejecutar la obligación de entregar los endosos, por lo que indudablemente es un término. En consecuencia, la Ley Electoral, provee un plazo, un espacio entre dos fechas que variarán de candidato a candidato dependiendo de su fecha de certificación.

---

[5]Véase, Diccionario de la Real Academia Española, disponible en http://dle.rae.es/?id=ZZ0hKcs (última visita 14 de abril de 2016).

Por tanto, la controversia que se trae ante nuestra consideración gira en torno a qué procede cuando esa fecha final del aludido término cae un día festivo, como ocurre con el 15 de febrero de 2016 por disposición expresa del legislador, mediante la aprobación de la Ley Núm. 111-2014.

El Art. 2.004 de la Ley Electoral establece que "en el cómputo de los términos expresados en este subtítulo aplicarán las Reglas de Procedimiento Civil de 2009, Ap. V del Título 32, excepto para los fijados en las secs. 4015 y 4045 de este título los cuales serán taxativos". 16 LPRA sec. 4004. Al remitirnos a las Reglas de Procedimiento Civil de 2009, resalta que la Regla 68.1, 32 LPRA Ap. V., R. 68.1, construye la forma en que habrán de computarse los términos concedidos por ese cuerpo procesal, las órdenes del tribunal o por cualquier estatuto aplicable.

En concreto, y en lo relevante a la polémica de autos, la Regla 68.1, *supra*, establece que el último día de un término se "incluirá siempre que no sea sábado, domingo **ni día de fiesta legal**, extendiéndose entonces el plazo hasta el fin del próximo día que no sea sábado, domingo **ni día legalmente feriado**". (Énfasis suplido). El lenguaje contenido en la Regla 68.1, *supra*, es diáfano. La referida regla claramente dispone que los sábados, domingos y los días de fiesta legales no se considerarán para cumplir con algún término, plazo fijado o fecha límite y que éste

se extenderá al próximo día que no sea sábado, domingo o legalmente feriado. El lenguaje no hace referencia alguna a si ese día fue o no uno laborable. Siendo ello así, "cuando la ley es clara [y] libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu". Art. 14 del Código Civil de Puerto Rico, 31 LPRA sec. 14. Esto responde a que cuando el legislador se ha manifestado con un lenguaje claro e inequívoco, el texto de la ley es la expresión por excelencia de toda intención legislativa. Véase, Spyder Media, Inc. v. Mun. San Juan, res. el 25 de enero de 2016, 2016 TSPR 10, 194 DPR ____ (2016).

La Regla 68.1, *supra*, a su vez, es cónsona con las disposiciones contenidas en el Código Político, el cual fue incorporado al aprobar las reglas procesales civiles. Véase, Hernández Jiménez *et. al.* v. AEE *et al.*, res. el 21 de diciembre de 2015, 2015 TSPR 169, 194 DPR ____ (2015). El Código Político establece expresamente que "el tiempo en que cualquier acto prescrito en la ley debe cumplirse, se computará excluyendo el primer día e incluyendo el último, **a menos que éste sea día de fiesta, en cuyo caso será también excluido**". 1 LPRA sec. 72. (Énfasis suplido). También, dispone claramente cuál es el efecto de que el día de cumplimiento recaiga en un día feriado. A esos fines, el Art. 389 del Código Político ordena que "cuando **algún acto haya de ejecutarse bajo la ley** o en virtud de contrato **en un día señalado, y tal día ocurriere en día de fiesta,**

**dicho acto podrá realizarse al próximo día de trabajo, teniendo el mismo efecto que si se hubiera realizado el día señalado**". 1 LPRA sec. 73. (Énfasis suplido).

En general, los días feriados se rigen por las disposiciones contenidas en el Código Político. Éste establece como día de fiesta oficial del Estado Libre Asociado de Puerto Rico, **el tercer lunes de febrero de cada año**, el cual se conocerá como el "Día de los Próceres Puertorriqueños: Eugenio María de Hostos, José de Diego, Luis Muñoz Rivera, José Celso Barbosa, Ramón Emeterio Betances, Román Baldorioty de Castro, Luis Muñoz Marín, Ernesto Ramos Antonini y Luis A. Ferré". 1 LPRA sec. 85.[6] Este año, el tercer lunes del mes de febrero se celebró el 15 de febrero de 2016, es decir, el último día del término dispuesto por la Ley Electoral, el Reglamento de la CEE y el Reglamento Primarias PNP para presentar los endosos correspondientes. En consecuencia, el 15 de febrero de 2016 es un día **legalmente feriado** al que le aplica la disposición contenida en la Regla 68.1, *supra*, como mandata el Art. 2.004 de la Ley Electoral, *supra*.

III

---

[6]En esa misma fecha también se conmemora el Día de Jorge Washington y el Día de los Presidentes. 1 LPRA sec. 84. Por otra parte, es menester aclarar que los días feriados de la Rama Judicial se rigen por la Regla 28 de las "Reglas de Administración del Sistema de Personal de la Rama Judicial del Estado Libre Asociado de Puerto Rico", 4 LPRA Ap. XII, R. 28. Ésta también incluye el tercer lunes de febrero como día feriado.

En el caso de autos, el licenciado Díaz Vanga reclama, entre otras cosas, que completó la entrega de endosos para las primarias el 16 de febrero de 2016. A pesar de ello, fue notificado por la CEE que los Comisionados Electorales entendieron que no radicó la cantidad de peticiones de endoso requeridas en el plazo establecido. Por consiguiente, la CEE le canceló la intención de candidatura para el puesto de Senador por el Distrito de Arecibo. El licenciado Díaz Vanga sostiene que la CEE y los foros revisados erraron al no aceptar los endosos amparados en que éstos debían presentarse el 15 de febrero de 2016, porque la CEE laboró ese día. Fundamenta su posición en que la fecha límite correspondió a un día legalmente feriado. De esta forma, razona que procedía extenderse el término al próximo día que no fuera sábado, domingo o feriado, según la Ley Electoral. A mi juicio, le asiste la razón.

Establecido que la Ley Electoral impone la aplicación de la Regla 68.1, *supra*, a los términos contenidos en el proceso electoral que nos ocupa, resulta un hecho irrefutable que el último día del término para presentar los endosos para las candidaturas a primarias, dispuesta por la Ley Electoral y los reglamentos aplicables, coincidió con que el tercer lunes del mes de febrero de este año fue un día de fiesta legal. Como mencioné, en esa fecha se celebró el Día de los Próceres, por lo que procedía extender esa fecha hasta el próximo día que no fuera sábado, domingo **ni día legalmente feriado.**

El hecho de que la CEE laborara ese día no puede impedir la aplicación del claro mandato de la Ley Electoral. No podemos ignorar el precepto estatutario sustituyendo su letra clara.

IV

Por los fundamentos expuestos, disiento del resultado en el caso ante nuestra consideración. En su lugar, hubiese expedido el recurso y revocado al Tribunal de Apelaciones para ordenar a la CEE evaluar la totalidad de los endosos presentados por el licenciado Díaz Vanga, conforme a la ley y los reglamentos aplicables.


                                    Luis F. Estrella Martínez
                                        Juez Asociado