EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Spyder Media, Inc.<br><br>Recurrida<br><br>v.<br><br>Municipio Autónomo de San Juan<br><br>Junta Revisora de Permisos y Uso de Terrnos<br><br>Peticionarios | Certiorari<br><br>2016 TSPR 10<br><br>194 DPR ____ |

Número del Caso: CC-2014-205
         Cons. CC-2014-239

Fecha: 25 de enero de 2016

**CC-2014-205**

Tribunal de Apelaciones:

        Región Judicial de San Juan y Guayama, Panel II

 Abogados de la parte Peticionaria:

        Lcda. Carmen M. Quiñones Núñez
        Lcdo. Alexis Zabdier Tejeda Marte

 Abogado de la parte Recurrida:

        Lcdo. Roberto Sánchez Ramos

**CC-2014-239**

Tribunal de Apelaciones:

        Región Judicial de San Juan y Guayama, Panel II

Abogados de la parte Peticionaria:

      Lcdo. Antonio M. Quilichini Arbona
      Lcdo. Roberto A. Soto del Cueto


Abogado de la parte Recurrida:

      Lcdo. Alexis Zabdier Tejeda Marte
Municipio de San Juan:

      Lcdo. Roberto Sánchez Ramos



Materia: Derecho Administrativo – Término jurisdiccional para notificar un recurso de revisión de una decisión administrativa bajo La Ley para la Reforma del Proceso del Permiso de Puerto Rico.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Spyder Media, Inc.

    Recurrida

      v.

Municipio Autónomo de San Juan

Junta Revisora de Permisos y
Uso de Terrenos

    Peticionarios

CC-2014-0205
cons. con
CC-2014-0239

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES.

En San Juan, Puerto Rico, a 21 de enero de 2016.

La controversia ante nuestra consideración nos permite precisar cuál es el término disponible para notificar un recurso de revisión de una decisión administrativa emitida bajo la Ley para la Reforma del Proceso de Permisos de Puerto Rico, infra. Concluimos que, por mandato de ley, es un requisito jurisdiccional la notificación de este tipo de recurso a todas las partes involucradas el mismo día de su presentación en el Tribunal de Apelaciones.

I.

El 17 de octubre de 2013, la empresa Spyder Media, Inc. (Spyder) solicitó un permiso de

construcción para colocar una pantalla digital de publicidad en la fachada de un edificio ubicado en el Municipio de San Juan. Luego de analizar la solicitud, la Oficina de Permisos Municipal del Municipio de San Juan (Oficina de Permisos) acogió la recomendación de la Compañía de Turismo y denegó el permiso solicitado mediante una resolución notificada el 13 de diciembre de 2013. Tres días después, Spyder impugnó la determinación de la Oficina de Permisos ante la Junta Revisora de Permisos y Uso de Terrenos (Junta Revisora).

Tras varios incidentes procesales, el 17 de enero de 2014, la Junta Revisora emitió una resolución en la cual autorizó de forma condicionada el permiso de construcción solicitado por Spyder.[1] En la resolución se advirtió que la parte adversamente afectada podría solicitar reconsideración o acudir mediante recurso de revisión de decisión administrativa (recurso de revisión) ante el Tribunal de Apelaciones.

Entonces, el 27 de enero de 2014, la Oficina de Permisos presentó un recurso de revisión ante el foro apelativo intermedio para recurrir de la determinación de la Junta Revisora. Al día siguiente, la Oficina de Permisos solicitó la paralización de las obras autorizadas hasta que el Tribunal de Apelaciones dispusiera del recurso en sus méritos. Ese mismo día, el foro apelativo intermedio

---

[1] La Junta Revisora condicionó la autorización del permiso a que en horas de la noche el nivel máximo de brillantez de la pantalla no excediera de 0.2 "foot-candles" sobre los niveles de la luz ambiental.

decretó la paralización de las obras y, a su vez, le requirió a la Junta Revisora discutir los factores de interés público involucrados en el recurso de revisión. También ordenó a la Oficina de Permisos acreditar su cumplimiento con la notificación requerida por la Regla 79(e) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, antes de las 10:00 a.m. del próximo día.

El 29 de enero de 2014, la Oficina de Permisos notificó la presentación de ambos escritos por correo certificado a la Junta Revisora y a Spyder. Sin embargo, la Oficina de Permisos no cumplió con la orden del Tribunal de Apelaciones, por lo que este le ordenó que mostrara causa por la cual no procedía la imposición de sanciones en su contra. Un día más tarde, la Oficina de Permisos presentó un escrito para solicitar la indulgencia del foro apelativo intermedio por incumplir con la notificación requerida por la Regla 79(e), supra, y con el mandato de acreditar su cumplimiento. La Oficina de Permisos alegó que la resolución del Tribunal de Apelaciones no llegó a la atención de las personas encargadas del caso y que supieron de su existencia a través del personal de la Compañía de Turismo, a pesar de haber sido debidamente notificada. Además, la Oficina de Permisos certificó que notificó a las partes la presentación del recurso de revisión y la moción en auxilio de jurisdicción el día anterior. Posteriormente, la Oficina de Permisos compareció nuevamente ante el Tribunal de Apelaciones para informar que los documentos

que comprendían el recurso de revisión dirigidos a Spyder fueron remitidos a una dirección postal incorrecta. Consecuentemente, la Oficina de Permisos notificó correctamente su recurso a Spyder el 8 de febrero de 2014.

Durante ese mismo mes, Spyder y la Junta Revisora presentaron dos solicitudes de desestimación porque entendieron, entre otras cosas, que la Oficina de Permisos no cumplió con el requisito jurisdiccional de notificación de la antigua Ley para la Reforma del Proceso de Permisos en Puerto Rico, Ley Núm. 161-2009, y su versión vigente, según enmendada por la Ley Núm. 151-2013, al momento de perfeccionar su recurso de revisión. Argumentaron que la Oficina de Permisos no notificó su recurso el mismo día de su presentación a todas las partes. Puntualizaron que el recurso en cuestión fue presentado el 27 de enero de 2014 y notificado el 29 de enero de 2014. Por esa razón, solicitaron la desestimación del recurso por entender que el incumplimiento con este requisito privó de jurisdicción al Tribunal de Apelaciones.

El foro apelativo intermedio determinó que la Oficina de Permisos actuó conforme a derecho al notificar su recurso dentro del término dispuesto por la Ley Núm. 170-1988, según enmendada, conocida como la Ley de Procedimiento Administrativo Uniforme (LPAU), 3 LPRA sec. 2101 et seq. Por consiguiente, declaró no ha lugar las solicitudes de desestimación. El Tribunal de Apelaciones precisó que al caso aplica la nueva versión del Art. 13.2

de la Ley para la Reforma del Proceso de Permisos en Puerto Rico, según fue enmendado por la Ley Núm. 151-2013, 23 LPRA sec. 9023a (Supl. 2014), con su referencia a las disposiciones de la LPAU. Razonó que el texto del Art. 13.2 vigente, supra, es ambiguo pues, por un lado, requiere que la notificación del recurso se haga el mismo día de la presentación, y por otro, incorpora el procedimiento estándar de la LPAU que requiere que la notificación se realice dentro del término disponible para solicitar revisión judicial.

Inconformes con la determinación del foro apelativo intermedio, la Junta Revisora y Spyder recurrieron individualmente ante este foro mediante dos recursos de certiorari. La Junta Revisora arguye que la disposición transitoria de la Ley Núm. 151-2013 provee para que la Junta Revisora retenga su jurisdicción y competencia sobre aquellos casos pendientes a la fecha de su aprobación sujeto a las exigencias procesales de la Ley Núm. 161-2009. Por su parte, Spyder argumenta que el texto del Art. 13.2 de la Ley para la Reforma del Proceso de Permisos en Puerto Rico, tanto en su versión original bajo la Ley Núm. 161-2009 como en su versión enmendada por la Ley Núm. 151-2013, dispone claramente que los recursos para revisar una determinación de la Junta Revisora deben ser notificados el mismo día de su presentación. Ambos argumentan que el Tribunal de Apelaciones no contaba con jurisdicción sobre el recurso porque este no fue debidamente perfeccionado al

no haberse notificado a todos las partes el día de su presentación.

Expedidos ambos autos y consolidados los recursos, procedemos a resolver.

## II.

A. La Ley para la Reforma del Proceso de Permisos de Puerto Rico, 23 LPRA sec. 9011 et seq., fue aprobada con el propósito de establecer el marco legal y administrativo que regiría la solicitud, evaluación, concesión y denegación de los permisos en Puerto Rico. Mediante la adopción de este estatuto, la Asamblea Legislativa quiso fomentar la transparencia en los procesos para la otorgación de permisos; fijar requisitos y reglamentos claros y simples; reducir sustancialmente el tiempo para obtener un permiso gubernamental; establecer mecanismos de fiscalización efectivos, reales y oportunos, y agilizar el sistema para facilitar la inversión en Puerto Rico, entre otros objetivos. Exposición de Motivos de la Ley Núm. 161-2009. Actuó ante la realidad de que varios estudios manifestaban que el proceso para el otorgamiento de permisos era una de las áreas más problemáticas y deficientes en nuestra jurisdicción. Íd.

Consecuentemente, se creó la Junta Revisora como un foro especializado y cuasi judicial cuya función principal sería revisar las determinaciones finales provenientes de la Oficina de Gerencia de Permisos (OGPe) y de ciertos municipios autónomos. Según el legislador, este cuerpo

colegiado serviría como un brazo facilitador y fiscalizador necesario para el progreso sustentable de Puerto Rico. Íd. A su vez, la revisión judicial de las decisiones de la Junta Revisora se depositó exclusivamente en el Tribunal Supremo y se fijó un término jurisdiccional de treinta días para ello.[2] Respecto al requisito de notificación de un recurso de revisión, se dispuso en el Art. 13.2 de la Ley Núm. 161-2009 que:

> [la] a parte recurrente notificará con copia de la presentación de la solicitud del recurso de *certiorari* a todas las partes, incluyendo la Oficina de Gerencia de Permisos, la Junta Adjudicativa, el Municipio Autónomo con la Jerarquía de la I a la V, o el Profesional Autorizado, según aplique y a la Junta Revisora, **el mismo día de haber presentado el recurso**, mediante el procedimiento que establezca el Reglamento Conjunto. **Este requisito es de carácter jurisdiccional**.[…] (Énfasis Suplido). 23 LPRA ant. sec. 9023a

Posteriormente, se aprobó la Ley Núm. 151-2013 con el fin de enmendar las disposiciones de la Ley Núm. 161-2009 para, entre otras cosas, eliminar la Junta Revisora y restituir la aplicación de la LPAU en la revisión de la evaluación, concesión y denegación de permisos. La Asamblea Legislativa entendió que la participación de un foro adjudicativo adicional como paso previo a solicitar revisión judicial tenía el efecto de aumentar los costos y retrasar el trámite estatuido. Exposición de Motivos de la Ley Núm. 151-2013. Con su eliminación se reconoció que el

---

[2] La Ley Núm. 18-2013 enmendó la Ley Núm. 161-2009 para sustituir al Tribunal Supremo por el Tribunal de Apelaciones como el foro competente para recurrir de las determinaciones de la Junta Revisora.

nuevo modelo adoptado sería novedoso en Puerto Rico y reduciría el tiempo que toma obtener los permisos necesarios. Íd., pág. 2. Así, a partir de la aprobación de la Ley Núm. 151-2013, las partes adversamente afectadas por una determinación de la OGPe y de algunos municipios autónomos pueden presentar un recurso de revisión al foro judicial competente sin necesidad de acudir previamente a la suprimida Junta Revisora. En cuanto al mecanismo de la notificación del recurso, la nueva versión del Art. 13.2 dispone:

> La parte recurrente notificará con copia de la presentación de la solicitud del recurso de revisión de decisión administrativa a todas las partes, incluyendo a la Oficina de Gerencia de Permisos el Municipio Autónomo con Jerarquía de la I a la V, o el Profesional Autorizado, según aplique, **el mismo día de haber presentado el recurso**, mediante el procedimiento establecido en la Ley de Procedimiento Administrativo Uniforme. **Este requisito es de carácter jurisdiccional.**[…] (Énfasis Suplido). 23 LPRA sec. 9023a.

Como puede apreciarse, en la Ley para la Reforma del Proceso de Permisos de Puerto Rico, según fue enmendada por las legislaciones citadas, prevaleció el requisito de que los recursos de revisión sean notificados a todas las partes el mismo día de su presentación. El cambio que sufrió el Art. 13.2, supra, en su versión vigente, fue el de disponer que la notificación de un recurso de revisión se realice conforme el procedimiento de la LPAU y no de acuerdo al Reglamento Conjunto, según establecía su antigua redacción. En su subcapítulo sobre la revisión judicial, la LPAU permite que la parte promovente de un recurso de

revisión notifique su presentación a todas las partes y a la agencia recurrida dentro del término de treinta días disponible para recurrir de una determinación final. 3 LPRA 2172.

Para atemperar este cambio dentro del nuevo esquema legal, en el Art. 18.6 de la Ley Núm. 151-2013, 23 LPRA sec. 9028e, se estableció expresamente que los preceptos de la LPAU serán de aplicación, salvo en las instancias que expresamente se disponga lo contrario o en aquellos casos donde ambas legislaciones entren en conflicto. Es decir, la LPAU regula de forma supletoria —y en ausencia de contradicción— los procedimientos celebrados al amparo de la Ley para la Reforma del Proceso de Permisos de Puerto Rico.

B. Hemos establecido, como principio rector en materia de hermenéutica, que inicialmente debemos evaluar el texto de la ley. Esto es, "cuando la ley es clara [y] libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu". Art. 14 del Código Civil, 31 LPRA sec. 14. Lo anterior responde a que cuando el legislador se ha manifestado con un lenguaje claro e inequívoco, el texto de la ley es la expresión por excelencia de toda intención legislativa. Báez Rodríguez v. ELA, 179 DPR 231, 245 (2010).

En el cumplimiento de esta función es necesario que en nuestra labor hermenéutica se armonicen, en la medida en que sea posible, "todas las disposiciones de la ley con el

propósito de lograr una interpretación integrada, lógica y razonable de la intención legislativa". AMPR v. Srio. Educacion, ELA, 178 DPR 253, 266 (2010). Las disposiciones de una ley no deben ser interpretadas de forma aislada, sino analizadas en conjunto tomando en consideración todo su contexto de manera integral. CBS Outdoor v. Billboard One, Inc., 179 DPR 391, 417 (2010).

Ahora bien, si existe alguna ambigüedad en el texto de la ley, debemos asegurar el cumplimiento de los propósitos legislativos. Íd. En estas circunstancias podemos recurrir a las fuentes extrínsecas que existen para interpretar la ley, entre las que se encuentran el historial legislativo de la medida. Cordero Jiménez v. UPR, 188 DPR 129, 138-139 (2013).

Con el fin de cumplir con esta tarea, "[a]l interpretar una disposición específica de una ley, los tribunales deben siempre considerar cuáles fueron los propósitos perseguidos por la Asamblea Legislativa al aprobarla y nuestra determinación debe atribuirle un sentido que asegure el resultado que originalmente quiso obtenerse". Rivera Fernández v. Mun. Carolina, 190 DPR 196, 202 (2014). De esta forma, nuestra obligación consiste en imprimir efectividad a la intención del legislador y garantizar así que se cumpla con el propósito para el cual se aprobó la legislación. Lilly Del Caribe v. CRIM, 185 DPR 239, 252 (2012). Además, los tribunales debemos considerar la naturaleza del problema o la necesidad que se pretendía

atender a través de la legislación. CBS Outdoor v. Billboard One, supra, pág. 417.

A la luz de los principios esbozados, procedemos a resolver la controversia en cuestión.

III.

El Art. 13.2 de la Ley para la Reforma del Proceso de Permisos de Puerto Rico, supra, dispone expresamente que la notificación de un recurso de revisión a todas las partes tiene que efectuarse el mismo día de su presentación ante el Tribunal de Apelaciones. Las disposiciones de dicho artículo no resultan ambiguas, por lo que debemos remitirnos al texto de la ley. En ese sentido, nos topamos con una exigencia expuesta en un lenguaje claro e inequívoco, a la cual el legislador imprimió carácter jurisdiccional.

Igualmente, una lectura integral de la Ley para la Reforma del Proceso de Permisos de Puerto Rico, según enmendada, supra, demuestra con meridiana claridad que la referencia a las disposiciones de la LPAU dentro del esquema vigente para la evaluación, concesión y denegatoria de permisos se limita a una aplicación supletoria. Es decir, el cuerpo normativo de la LPAU únicamente será utilizado cuando en la precitada ley de permisos no exista una disposición contraria.

Por lo tanto, el subcapítulo de la LPAU que prescribe el método y modo de notificar un recurso de revisión entra en conflicto directo con el término de notificación

dispuesto en la Ley para la Reforma del Proceso de Permisos de Puerto Rico, según enmendada, supra, y viene obligado a prevalecer este último por mandato legislativo expreso. Véase el Art. 18.6 de la Ley Núm. 151-2013, 23 LPRA sec. 9028e. Como resultado, el término dispuesto por la LPAU para notificar un recurso de revisión no puede tener el efecto de alterar el texto claro e inequívoco del Art. 13.2, supra. En vista de lo anterior, el término jurisdiccional para notificar un recurso de revisión es el mismo día de su presentación.

Además, esta interpretación es cónsona con el tracto y los motivos de las enmiendas incorporadas por la Ley Núm. 151-2013. No albergamos duda de que si el legislador hubiese deseado que la notificación se hiciera dentro de otro término, así lo hubiese consagrado mediante tales enmiendas. Sin embargo, el requisito de que la notificación de un recurso de revisión se efectúe el mismo día de su presentación permaneció inalterado en la nueva redacción del Art. 13.2, supra.

Igualmente, debemos tener presente que mediante este marco legal, la Asamblea Legislativa se dio a la tarea de buscar nuevamente la forma de agilizar el proceso para la evaluación, concesión y denegatoria de permisos. Permitir que transcurran hasta treinta días desde la decisión administrativa a ser revisada para notificar un recurso de revisión que ya se presentó no solo conflige con el texto expreso de la ley sino que atenta contra la política

pública enmarcada en la Ley Núm. 151-2013 de estructurar un procedimiento ágil para la concesión de permisos.

IV.

Los hechos de este caso demuestran que el 27 de enero de 2014 la Oficina de Permisos presentó un recurso de revisión ante el Tribunal de Apelaciones. Subsiguientemente, el 28 de enero de 2014, la Oficina de Permisos sometió ante el foro apelativo intermedio una moción en auxilio de jurisdicción. Ahora bien, no fue hasta el 29 de enero de 2014 que la Oficina de Permisos notificó ambos escritos por correo certificado a Spyder y la Junta Revisora.

Por consiguiente, la Oficina de Permisos no cumplió con el requisito jurisdiccional de notificar su recurso de revisión el mismo día en que fue presentado, por lo cual el recurso que nos ocupa nunca se perfeccionó. La Oficina de Permisos estaba obligada por ley a notificar su recurso a la Junta Revisora y a Spyder el 27 de enero de 2014. No obstante, esta notificó su recurso de revisión de decisión administrativa dos días después de lo requerido por ley, por lo que el Tribunal de Apelaciones carecía de jurisdicción para atender su reclamo. Por eso en este caso no tenemos que discutir el efecto que tiene la notificación errónea del recurso de revisión a Spyder.

V.

Por los fundamentos antes expuestos se revoca el dictamen del Tribunal de Apelaciones y se desestima el

presente procedimiento de revisión judicial, por falta de jurisdicción.

Se dictará sentencia de conformidad.


                              RAFAEL L. MARTÍNEZ TORRES
                                   Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Spyder Media, Inc.

    Recurrida

        v.

Municipio Autónomo de San Juan

Junta Revisora de Permisos y
Uso de Terrenos

    Peticionarios

CC-2014-0205
cons. con
CC-2014-0239

SENTENCIA

En San Juan, Puerto Rico, a 21 de enero de 2016.

Por los fundamentos antes expuestos, en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, se revoca el dictamen del Tribunal de Apelaciones y se desestima el presente procedimiento de revisión judicial, por falta de jurisdicción.

Lo acordó y ordena el Tribunal, y lo certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez y la Jueza Asociada señora Pabón Charneco no intervinieron. El Juez Asociado señor Feliberti Cintrón no interviene. La Jueza Asociada Oronoz Rodríguez está inhibida.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo