EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Pedro Miranda Corrada<br><br>Peticionario<br><br>v.<br><br>Departamento de Desarrollo Económico y Comercio; Oficina de Gerencia de Permisos; Oficina de Permisos Urbanísticos del Municipio Autónomo de Guaynabo; Armando Cruzado Ramos<br><br>Recurridos | Certiorari<br><br>2023 TSPR 40<br><br>211 DPR ___ |

Número del Caso: CC-2022-0494

Fecha: 3 de abril de 2023

Tribunal de Apelaciones:

      Panel Especial

Abogada de la parte peticionaria:

      Lcda. Ileana Fontánez Fuentes

Abogados de los recurridos:

      **Municipio de Guaynabo**
      Lcdo. Simone Cataldi Malpica
      Lcdo. José A. Cabiya Motales
      Lcda. Rosa Campos Silva

      **Oficina de Gerencia de Permisos**
      Lcdo. Miguel Mihaljevich

      **Armando J. Cruzado Ramos**
      Lcdo. Kermit Ortiz Morales

Materia: Derecho Administrativo – Los permisos concedidos al amparo de la Ley Núm. 161-2009 son una determinación administrativa final susceptible de revisión judicial.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pedro Miranda Corrada

      Peticionario

         v.

Departamento de Desarrollo     CC-2022-0494
Económico y Comercio;
Oficina de Gerencia de
Permisos; Oficina de
Permisos Urbanísticos del
Municipio Autónomo de
Guaynabo; Armando Cruzado
Ramos
      Recurridos

Opinión del Tribunal emitida por el Juez Asociado señor Martínez Torres

En San Juan, Puerto Rico, a 3 de abril de 2023.

Nos corresponde determinar si el Tribunal de Apelaciones tenía jurisdicción para atender un recurso de revisión judicial mediante el que se solicitó la revocación de un permiso. Contestamos en la afirmativa. Este caso nos permite aclarar que, conceptualmente, los permisos concedidos al amparo de la Ley Núm. 161-2009, infra, son una determinación administrativa final susceptible de revisión judicial.

Superado este escollo, debemos dilucidar qué puede ser objeto de revisión judicial cuando el proceso revisorio inicia por la vía administrativa,

pero la agencia no adjudica una solicitud acogida, dentro del término para ello. Tras un análisis detenido del derecho, concluimos que para fines de la revisión judicial que se contempla en el Art. 11.8 de la Ley Núm. 161-2009, infra, la falta de actuación de la agencia tiene el efecto de mantener el permiso y culminar la fase administrativa. En ese escenario, ante el Tribunal de Apelaciones, la parte adversamente afectada puede cuestionar la corrección de la concesión del permiso y hacer referencia a la falta de adjudicación por parte de la División.

I

El 21 de octubre de 2020 el Sr. Pedro Miranda Corrada presentó un recurso de revisión ante la División de Revisiones Administrativas de la Oficina de Gerencia de Permisos (División) para impugnar el permiso de construcción Núm. 2019-273151-PCOC-007606. El permiso en cuestión lo otorgó la Oficina de Permisos Urbanísticos del Municipio Autónomo de Guaynabo (Municipio de Guaynabo) a favor del Sr. Armando J. Cruzado Ramos, vecino colindante del señor Miranda Corrada.

El **28 de octubre de 2020** la División emitió una *Notificación acogiendo solicitud de revisión administrativa*. Según los trámites de rigor, la notificación advirtió que presentar una solicitud de revisión administrativa no era un requisito jurisdiccional previo a recurrir al Tribunal de Apelaciones. A través de esta, la División también informó que, como condición

general, "dispondrá de las solicitudes acogidas ante su consideración dentro de un periodo de noventa (90) días naturales desde su presentación". <u>Apéndice del Recurso de certiorari</u>, pág. 75. Por último, explicó que de no adjudicar la solicitud dentro de ese término perdería jurisdicción, y con ello, comenzaría a decursar el término para recurrir al Tribunal de Apelaciones. <u>Íd</u>., págs. 75-76.

Luego de celebrada la vista administrativa, la oficial examinadora de la División emitió un Informe en el que concluyó que no se derrotó la presunción de corrección del permiso. Sin embargo, posteriormente y en virtud de lo dispuesto en la Ley Núm. 161-2009, <u>infra</u>, el juez administrativo a cargo de la División cesó sus funciones sin adjudicar la solicitud acogida.

Transcurrido el término que la División tenía para resolver la petición, el señor Miranda Corrada presentó un *Recurso de revisión* ante el Tribunal de Apelaciones el **18 de febrero de 2021**. En suma, **señaló que la División erró porque no determinó que el Municipio**: (1) actuó contrario a derecho al autorizar el proyecto; (2) actuó en contra de sus actos; (3) autorizó un proyecto contrario a la Ley de Permisos y el Reglamento Conjunto; (4) permitió que se pagaran unos costos de radicación incorrectos, y (5) no podía autorizar el permiso mediante una certificación. Por eso, solicitó la revocación del permiso de construcción en controversia.

En respuesta, la División negó que hubiera algún asunto susceptible de revisión judicial y solicitó la desestimación del recurso. Entre sus planteamientos enfatizó que no emitió determinación alguna. Por otra parte, y en sintonía con esto, el señor Cruzado Ramos, concesionario del permiso, también solicitó la desestimación del recurso por la alegada ausencia de un dictamen administrativo. Asimismo, el Municipio de Guaynabo, cesionario del permiso, arguyó que se debía confirmar la actuación de la División porque no se derrotó la presunción de corrección del permiso.

En oposición a las solicitudes de desestimación, el señor Miranda Corrada sostuvo que la falta de actuación de la División era una determinación que el foro judicial podía revisar.

Examinada la postura de todas las partes, el foro apelativo intermedio desestimó el recurso tras concluir que carecía de jurisdicción. Destacó que los señalamientos de error estaban dirigidos a cuestionar el hecho de que la División no adjudicó el recurso de revisión administrativa. No obstante, razonó que esos errores no se cometieron pues la División no adjudicó las controversias. Concluyó que, en ausencia de una determinación administrativa final de la División no había asunto alguno susceptible de revisión judicial, pues la Ley de la Judicatura, _infra_, solo le facultaba a revisar resoluciones finales de las agencias.

Luego de presentar una reconsideración que fue denegada, el señor Miranda Corrada presentó una *Petición de certiorari* ante este Tribunal. En extrema síntesis, reiteró sus señalamientos previos, esta vez formulados: "erró el Tribunal de Apelaciones al negarse a adjudicar que la División no dispuso que el Municipio...". Petición de certiorari, pág. 8. En lo pertinente, sostuvo que la falta de adjudicación de la agencia no podía privarle de su derecho a un debido proceso de ley. Además, explicó que imputó los errores del Municipio —la concesión del permiso— a la División, porque esta había sido el último foro con jurisdicción. Por último, suplicó que revocáramos el permiso en controversia.

En contraposición, la Oficina de Gerencia de Permisos esgrimió que el recurso de revisión judicial debió dirigirse en contra del Municipio de Guaynabo. Hizo hincapié en que el señor Miranda Corrada "erróneamente pretendió que los errores planteados en la concesión del permiso fueran adjudicados a la D[ivisión] a pesar de que esta última nunca emitió un permiso, determinación final o resolución". Alegato de la OGPE, pág. 8. Al mismo tiempo, el Municipio de Guaynabo coincidió y arguyó que el señor Miranda Corrada debió solicitar la revisión del permiso de construcción, y no del hecho de que la División no emitió una determinación final. En la alternativa, planteó que procedería devolver el caso al foro apelativo intermedio para su adjudicación.

En consonancia con este raciocinio, el señor Cruzado Ramos argumentó que ninguno de los errores se dirigió a impugnar la determinación de la entidad municipal.[1] Finalmente, bajo el planteamiento de temeridad, solicitó que ordenáramos al señor Miranda Corrada pagarle la suma de $25,000 por concepto de honorarios de abogados, más el costo total de los gastos de litigación.

Expedido el recurso y con el beneficio de la comparecencia de las partes, procedemos a resolver.

II

A. Jurisdicción

Sabemos que la jurisdicción es la autoridad con la que cuenta el tribunal para considerar y decidir los casos y controversias que tiene ante sí. Cobra Acquisitions, LLC v. Municipio de Yabucoa, __ DPR __, 2022 TSPR 104 (2022); Metro Senior v. AFV, 47 TSPR 2022, 209 DPR __ (2022); Beltrán Cintrón *et al.* v. ELA *et al.*, 204 DPR 89, 101 (2020). En nuestro ordenamiento jurídico, es norma reiterada que las decisiones, órdenes y resoluciones finales de los organismos administrativos están sujetas a la revisión judicial del Tribunal de Apelaciones. Art. 4006(c) de la Ley de la Judicatura de Puerto Rico, Ley Núm. 201-2003,

---

[1] Luego de que el recurso quedó sometido en sus méritos el señor Cruzado Ramos presentó una *Moción en solicitud de autorización para someter tardíamente alegato en oposición*, y, posteriormente, su Alegato en oposición. Ahora, concedemos su solicitud, sin embargo, le recordamos que en el futuro debe dar fiel cumplimiento a los términos dispuestos en nuestro Reglamento, 4 LPRA Ap. XXI-B.

según enmendada, 4 LPRA sec. 24(y)(c); Regla 56 del Reglamento del Tribunal de Apelaciones, según enmendado, 4 LPRA Ap. XXII-B. Véase, además, Hernández Feliciano v. Municipio de Quebradillas, __ DPR __, 2023 TSPR 6 (2023).

A tal efecto, "Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones...". Sec. 4.2 de la Ley Núm. 38-2017, según enmendada, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9672. Como se aprecia, de ordinario esta revisión judicial procede una vez se adjudican todas las controversias pendientes ante la agencia y concluyen los trámites administrativos. Fonte Elizondo v. F&R Const., 196 DPR 353, 358 (2016). Ahora bien, aunque las doctrinas de finalidad y agotamiento de remedios delimitan el momento adecuado para la revisión judicial de una determinación administrativa, resulta imprescindible examinar las disposiciones de la ley especial que rige cada caso. Véanse, Suarez Molina v. Com. Local Cataño, 205 DPR 642, 651-652 (2020); Beltrán Cintrón _et al_. v. ELA _et al_., supra, pág. 102; Rodríguez Rivera v. De León Otaño, 191 DPR 700, 710 (2014); D.A.Co. v. Fcia. San Martín, 175 DPR 198, 212-213 (2009).

B. Ley para la Reforma del Proceso de Permisos y la etapa de revisión

La Ley Núm. 161-2009, conocida como la Ley para la Reforma del Proceso de Permisos de Puerto Rico, según enmendada, 23 LPRA sec. 9011 *et seq.*, instaura el andamiaje jurídico y administrativo que rige los procesos de concesión de permisos para el desarrollo y uso de terrenos. Román Ortiz v. OGPe, 203 DPR 947, 957 (2020); Laureano v. Mun. de Bayamón, 197 DPR 420, 433 (2017). En lo aquí medular, la lectura integrada de sus disposiciones demuestra que la concesión de un permiso es equiparable a una determinación final.

De entrada, el estatuto define que un permiso es la aprobación escrita que autoriza el comienzo de una acción, actividad o proyecto. Art. 1.5(57) de la Ley Núm. 161-2009, 23 LPPA sec. 9011. Mientras que, una determinación final es aquella

> actuación, resolución, informe o documento que contiene un acuerdo o decisión emitida por la Junta de Planificación, [l]os Municipios Autónomos con Jerarquía de la I a la V [a]djudicando de manera definitiva algún asunto ante su consideración o cualquier otra determinación similar o análoga que se establezca en el Reglamento Conjunto[...]. Íd., Art. 1.5 (21).

Así, "La determinación se convertirá en un permiso final y firme una vez hayan transcurrido los términos correspondientes para su revisión". Regla 4 del Reglamento de Procedimientos Adjudicativos de la División de Reconsideración de Determinaciones Finales de la Oficina de

Gerencia de Permisos (OGPe), Reglamento Núm. 8457 de 24 de marzo de 2014. De ahí que, al examinar estos conceptos, es plausible deducir que la concesión o denegatoria de un permiso constituye, para todos los efectos, una determinación final que el Tribunal de Apelaciones tendría jurisdicción para revisar de cumplirse con los requisitos procesales correspondientes.

De hecho, las determinaciones finales y los permisos dictados al palio de la Ley Núm. 161-2009, supra, están sujetos a las disposiciones de la LPAU, salvo que expresamente se disponga lo contrario o ambas leyes resulten incompatibles. Art. 18.6 de la Ley Núm. 161-2009, 23 LPRA sec. 9028e; Spyder Media Inc. v. Mun. de San Juan, 194 DPR 547, 555 (2016). De este modo, la parte adversamente afectada puede impugnar tal determinación mediante una: (1) solicitud de revisión ante la División de Revisiones Administrativas; (2) querella frente la Junta de Planificación, y (3) solicitud de revisión ante el Tribunal de Apelaciones. Capó Cruz v. Junta de Planificación et al., 204 DPR 581, 594 (2020). Véanse, además, Art. 14.6 de la Ley Núm. 161-2009, 23 LPRA sec. 9024e; Sec. 5.4 de la LPAU, 3 LPRA sec. 9684. En lo relevante a este caso, la División de Revisiones Administrativas, entidad adscrita a la Oficina de Gerencia de Permisos, tiene la función de revisar las actuaciones y determinaciones de la Junta Adjudicativa, la Oficina de Gerencia de Permisos, los Profesionales

Autorizados y los Municipios Autónomos con Jerarquía I a V. Art. 11.1 de la Ley Núm. 161-2009, 23 LPRA sec. 9021m.

Una solicitud de revisión administrativa ante este organismo deberá presentarse dentro del término jurisdiccional de 20 días, desde el archivo en autos de la notificación de la actuación o determinación final correspondiente. Art. 11.6(a) de la Ley Núm. 161-2009, 23 LPRA sec. 9021r. Una vez presentada, la División tendrá un periodo de 90 días, para disponer de una solicitud acogida. Art. 11.8 de la Ley Núm. 161-2009, 23 LPRA sec. 9021t. Transcurrido ese término sin que adjudique la solicitud **"perderá jurisdicción sobre la misma y comenzará a decursar el término de treinta (30) días para recurrir al Tribunal de Apelaciones"**. (Negrilla suplida). Íd. Véase, además, Sec. 3.15 de la LPAU, 3 LPRA sec. 9655.

En ese aspecto, el término que la agencia tiene para actuar no es perpetuo. Véase, Fonte Elizondo v. F&R Const., supra, págs. 361-362. Más bien, el diseño estatuario impide que la agencia detenga el proceso ante sí, y con eso, prive a la parte insatisfecha de la oportunidad de acudir en revisión judicial. W. Vázquez Irizarry, *Derecho administrativo*, 82 Rev. Jur. UPR 279, 299 (2013). Por consiguiente, el principio que preceptúa que el ente administrativo pierde jurisdicción si no actúa dentro del término dispuesto en ley, salvaguarda la oportunidad de acudir en reconsideración al nivel de la agencia, sin que la persona inconforme quede imposibilitada de hacer uso

efectivo y rápido de la revisión judicial. Véase, W. Vázquez Irizarry, *Derecho Administrativo*, 84 Rev. Jur. UPR 609, 613 (2015).

Cabe destacar que la precitada ley de permisos **no** impone un requisito jurisdiccional de solicitar revisión administrativa.[2] Art. 11.6(b) de la Ley Núm. 161-2009, 23 LPRA sec. 9021r. De hecho, es posible "presentar un recurso de revisión al foro judicial competente sin necesidad de acudir previamente [al ente administrativo]". Spyder Media Inc. v. Mun. de San Juan, supra, pág. 554. No obstante, su oportuna presentación paraliza los términos para recurrir al Tribunal de Apelaciones. Art. 11.6(b) de la Ley Núm. 161-2009, supra. A tales efectos, la parte adversamente afectada por una determinación final, **permiso** o resolución de la Oficina de Gerencia de Permisos y algunos municipios autorizados, tendrá un término jurisdiccional de 30 días naturales para presentar un recurso de revisión de la decisión administrativa ante el Tribunal de Apelaciones. Arts. 9 y 13.1(a) de la Ley Núm. 161-2009, 23 LPRA secs. 9019i y 9023.

La controversia de autos requiere que dilucidemos si el Tribunal de Apelaciones tenía jurisdicción para atender el recurso de revisión de la concesión del permiso Núm.

---

[2] Por otro lado, no ignoramos que el peticionario podría acudir al Tribunal de Primera Instancia mediante un recurso de *mandamus* perentorio si una solicitud al amparo de la Ley Núm. 161-2009 no se adjudica dentro de los términos establecidos para ello. Art. 14.2 de la Ley núm. 161-2009, 23 LPR sec. 9024a.

2019-273151-PCOC-007606. Resolver este asunto es suficiente para disponer de la controversia sin tener que adentrarnos en los restantes señalamientos de error.

Como vimos, el Tribunal de Apelaciones se declaró sin jurisdicción para atender el recurso, porque, según expuso, no había una determinación final de la División que fuera susceptible de revisión. Además, determinó que el señor Miranda Corrada debió imputar los errores que estimara al Municipio de Guaynabo, mas no lo hizo. Esto no nos convence. Si bien el señor Miranda Corrada imputó error a la División por no actuar, durante todo el proceso su petitorio fue esencialmente que se revocara el permiso de construcción.

En primer lugar, queda claro que conceptualmente otorgar un permiso es equiparable a una determinación final. La Ley Núm. 161-2009, supra, permite que la parte adversamente afectada por un permiso escoja, indistintamente, entre solicitar revisión ante la División o directamente al Tribunal de Apelaciones. Por eso, no cabe duda de que el Tribunal de Apelaciones está facultado para revisar los permisos tal cual dispone la Ley Núm. 161-2009, supra, en cualquiera de estos dos escenarios. Esto guarda perfecta armonía con la letra del Art. 4006(c) de la Ley de la Judicatura, supra.

La consecuencia lógica de recurrir al Tribunal de Apelaciones una vez la agencia pierde jurisdicción por no actuar sobre una solicitud de revisión acogida, es que el foro judicial examinará la acción administrativa de

conceder el permiso, o la vertiente negativa de no revocarlo. En otras palabras, el foro apelativo intermedio podrá revisar la corrección del permiso.

De esta forma, no cabe hablar de que no hay un dictamen administrativo que pueda ser objeto de revisión judicial. Aquí, la falta de actuación de la División tuvo el efecto de mantener el permiso. Mientras no haya una determinación en contrario se mantiene la adjudicación original, esto es, la concesión del permiso. Entiéndase que, la parte adversamente afectada puede cuestionar el permiso en sí y hacer referencia a la actuación de la División de no resolver una solicitud de revisión administrativa, y con ello, mantener el permiso.

Este razonamiento es un resultado lógico de la letra de la ley. Recordemos que la corrección y legalidad de las determinaciones finales y los permisos expedidos se presume. Art. 9.10 de la Ley Núm. 161-2009, 23 LPRA sec. 9019i. El mero hecho de que el señor Miranda Corrada denominó a la División en el recurso de revisión judicial, no quita que sus señalamientos de error se centraron en la concesión del permiso. Se aprecia que su principal contención era que el Municipio de Guaynabo se equivocó al conceder el permiso, y la División erró al no revocarlo. Los cinco señalamientos de error fueron formulados con un lenguaje similar: "Erró la División de Revisiones Administrativas al no determinar que el Municipio...". Ap. del recurso, págs. 28-29. Tan es

así, que su súplica inequívoca fue que se revocara el permiso de construcción.

A la luz del marco jurídico enunciado, resulta forzoso resolver que el Tribunal de Apelaciones tenía jurisdicción para atender la solicitud de revisión, debido a que se presentó dentro del término jurisdiccional para ello. Sostener el razonamiento del Tribunal de Apelaciones resulta jurídicamente improcedente y equivaldría a menoscabar el mandato legislativo y la política pública que permite impugnar los permisos en el foro judicial. La Ley Núm. 161-2009, supra, expresamente autoriza la revisión judicial de estas determinaciones sin que sea necesario pedir reconsideración ante la agencia, en este caso la División, como paso previo. Lo correcto es colegir que el Tribunal de Apelaciones puede revisar la corrección de la concesión del permiso cuando la agencia pierde jurisdicción para revisarlo, al igual que si se solicitara revisión judicial justo después de la concesión del permiso.

Concluimos que, indiscutiblemente, el Tribunal de Apelaciones tenía jurisdicción para atender el recurso de revisión. La concesión del permiso es una determinación final sujeta a revisión judicial según los estándares del Art. 4006(c) de la Ley de la Judicatura, supra y el Art. 11.8 de la Ley Núm. 161-2009, supra.

III

Por los fundamentos que anteceden, se revoca la Sentencia del Tribunal de Apelaciones. Se devuelve el caso

a ese foro para que continúe con los procedimientos de forma compatible con lo aquí resuelto.

Se dictará Sentencia de conformidad.


                              RAFAEL L. MARTÍNEZ TORRES
                                   Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pedro Miranda Corrada

       Peticionario

         v.

Departamento de Desarrollo     CC-2022-0494
Económico y Comercio; Oficina de
Gerencia de Permisos; Oficina de
Permisos Urbanísticos del
Municipio Autónomo de Guaynabo;
Armando Cruzado Ramos
       Recurridos


SENTENCIA

En San Juan, Puerto Rico, a 3 de abril de 2023.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de esta Sentencia, se revoca la Sentencia del Tribunal de Apelaciones. Se devuelve el caso a ese foro para que continúe con los procedimientos de forma compatible con lo aquí resuelto.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo