ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **INMOBILIARIA 1254, S.E.; ADMA, INC.; CARIBE TECNO, INC.; CARIBE TECNO, CRL; CTE RENTAL EQUIPMENT, INC.**<br><br>Recurrentes<br><br>v.<br><br>**OFICINA DE PERMISOS DEL MUNICIPIO AUTÓNOMO DE SAN JUAN**<br><br>Recurrida<br><br>v.<br><br>**EVINMOTOR'S PR, INC.**<br><br>Parte Interesada | KLRA202300231 | **REVISIÓN** procedente de la Oficina de Permisos del Municipio de San Juan<br><br>Caso Núm.: **2022-444257-CUB-006076**<br><br>Sobre: Impugnación de la determinación en el proceso de Consulta de ubicación Núm. 2022-444257-CUB-006076; violación al debido proceso de ley a derechos como parte interventora; solicitud de nulidad del proceso. |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

Cintrón Cintrón, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2023.

Comparecen Inmobiliaria 1254, S.E, así como sus inquilinos ADMA, Inc., Caribe Tecno, Inc., Caribe Recno, CRL, CTE Rental Equipment, Inc. (en adelante, recurrentes) y solicitan que revisemos la *Resolución de Consulta de Ubicación* notificada el 20 de abril de 2023, por la Oficina de Permisos del Municipio Autónomo de San Juan (en adelante, OPMASJ). Mediante la misma, se aprobó y autorizó la Consulta de Ubicación 2022-444257-CUB-006076 presentada por Evinmotors PR, Inc. (en adelante, Evinmotors).

Por los fundamentos que se exponen a continuación, revocamos la resolución recurrida.

Número Identificador

SEN2023 _____

**I.**

Luego de que, en el 2022, el Tribunal de Primera Instancia, en el caso SJ2021CV03008[1], revocara el permiso único bajo el cual operaba Evinmotors, el 22 de julio de 2022[2], dicha parte presentó una nueva consulta de ubicación ante la OPMASJ. Ello, para un permiso único de venta de automóviles, motocicletas y vehículos recreacionales, venta de accesorios, piezas, área de almacén, taller de reparaciones, *showroom,* oficina administrativa y área de estacionamiento.

A raíz de lo anterior, el 8 de septiembre de 2022, los recurrentes instaron una solicitud de intervención ante la OPMASJ para formar parte del proceso de consulta de ubicación de referencia solicitado por Evinmotors. Mediante la misma, argumentaron su oposición a la consulta y requirieron participación en los procesos para presentar la prueba que sustentaba sus alegaciones. Esbozaron que colindan directamente con el solar donde Evinmotors pretende operar el negocio en cuestión y, entre otras cosas, adujeron que la solicitud objeto del trámite de epígrafe era contraria a las disposiciones reglamentarias aplicables. Añadieron que la operación desordenada de Evinmotors afecta el tránsito en la zona, lo que repercutía negativamente en la operación de sus negocios y las residencias colindantes. Por último, arguyeron que la solicitud de referencia no cumplía con la ley aplicable, relacionado a los estacionamientos.

El 5 de octubre de 2022, la OPMASJ dictó una *Resolución de Consulta de Ubicación.* En esta aprobó y autorizó el permiso de uso

---

[1] *Municipio de San Juan representado por su alcalde Hon. Miguel Romero Lugo v. Evinmotors PR, Inc., por conducto de su presidente y agente residente Juan A. Castellanos y/o persona autorizada.*

[2] En este caso, el TPI concluyó que la única manera que Evinmotors podría obtener un permiso para operar su negocio en el distrito interesado era a través del mecanismo de variación de uso. El 10 de febrero de 2023, el Tribunal Supremo dictó *Resolución* en la cual acogió el recurso como petición de *certiorari* y proveyó no ha lugar. El 15 de mayo de 2023, se expidió *Carta de Trámite sobre Mandato.*

solicitado por Evinmotors. Mediante resolución del 19 de diciembre de 2022, la OPMASJ declaró *ha lugar* la solicitud de intervención de los recurrentes.

Así las cosas, el 20 de abril de 2023, los representantes legales de los recurrentes fueron notificados de la decisión que emitió el ente administrativo el 5 de octubre de 2022. En esta versión corregida de la resolución que les fue notificada a los recurrentes, la OPMASJ incluyó que, luego de evaluar los méritos de la consulta, esta no conllevaba una variación en uso conforme a la calificación propuesta. La referida Oficina añadió que el proceso de vista pública era uno discrecional y que el Comité de Permisos no recomendó llevarlo a cabo.

Inconformes, los recurrentes acuden ante nos y alegan que la OPMASJ cometió los siguientes errores:

> ERRÓ LA OPMSJ AL EVALUAR Y RESOLVER LA CONSULTA DE UBICACIÓN SIN PERMITIR LA PARTICIPACIÓN DE LOS INTERVENTORES EN VIOLACIÓN A SUS DERECHOS Y AL DEBIDO PROCESO DE LEY, LO CUAL TAMBIÉN RESULTÓ EN QUE TOMARAN UNA DETERMINACIÓN BASÁNDOSE EN UN EXPEDIENTE INCOMPLETO.

> ERRÓ LA OPMSJ AL EVALUAR Y RESOLVER LA CONSULTA DE UBICACIÓN Y SOLICITUD DE VARIACIÓN DE USO SIN LA CELEBRACIÓN DE VISTA PÚBLICA NI PERMITIR LA PARTICIPACIÓN DE LOS INTERVENTORES, VIOLANDO EL DEBIDO PROCESO DE LEY Y QUEBRANTANDO EL DERECHO PROPIETARIO DE LOS INTERVENTORES SOBRE LOS ESTACIONAMIENTOS ALEDAÑOS A EVINMOTORS.

> ERRÓ LA OPMSJ AL CONCEDER LA CONSULTA DE UBICACIÓN Y VARIACIÓN EN USO SIN QUE EVINMOTORS CUMPLIERA CON EL REQUISITO MÍNIMO DE ESTACIONAMIENTOS, ADJUDICÁNDOLE ESTACIONAMIENTOS QUE SON PROPIEDAD DE LOS INTERVENTORES. QUEBRANTANDO ASÍ SU DERECHO DE PROPIEDAD SIN DEBIDO PROCESO DE LEY.

El 26 de junio de 2023, Evinmotors instó su oposición al recurso de autos. Ese mismo día, la OPMASJ presentó una *Moción Allanándose a Remedios Solicitados*. En su escrito, la Oficina accedió a que se deje sin efecto la Resolución recurrida y se devuelva

el caso al trámite administrativo para que se salvaguarde el debido proceso de ley y la plena participación de los recurrentes. En ese sentido, admitió que no se le proveyó plena participación a todos los interventores reconocidos en la consulta de ubicación, los cuales incluyen a los recurrentes, conforme a la solicitud de intervención 2022-SIN-008262, así como a 401 De Diego, LLC., conforme a la solicitud de intervención 2022-SIN-008482. Añadió que las recomendaciones del Comité de Permisos no tomaron en consideración la posición de los interventores. Así, propuso lo siguiente: (1) garantizar el debido proceso de ley y participación efectiva a los interventores reconocidos y (2) celebrar vista pública para garantizar la plena participación de los interventores y del público en general.

## II.

### A.

La *Ley para la Reforma del Proceso de Permisos de Puerto Rico*, según enmendada (Ley Núm. 161-2009), 23 LPRA sec. 9011, *et seq.*, fue aprobada con el propósito de establecer el marco legal y administrativo que regiría la solicitud, evaluación, concesión y denegación de los permisos en Puerto Rico. *Spyder Media Inc. v. Mun. de San Juan*, 194 DPR 547, 552 (2016). Esta instauró la Oficina de Gerencia de Permisos (OGPe), adscrita a la Junta de Planificación. En consecuencia, la ley le trasladó a la OGPe las funciones de la extinta Administración de Reglamentos y Permisos (ARPe). Así, le concedió jurisdicción a la OGPe, sea a nivel central o regional, Municipios Autónomos con Jerarquía I a V o mediante un profesional autorizado, según aplique, para evaluar solicitudes de permisos, recomendaciones, licencias, o certificaciones relacionadas al desarrollo y uso de terrenos en Puerto Rico o cualquier otra autorización o trámite que sea necesario, según establecido en las secs. 9011nt, 9012d y 9017b de dicho título. Las solicitudes a ser

presentadas ante la OGPe, Municipios Autónomos con Jerarquía I a V o un Profesional Autorizado, según aplique, incluirán aquellas establecidas en el Reglamento Conjunto de Permisos, incluyendo, pero sin limitarse a: consultas de ubicación; permisos de segregación o lotificación; permisos de construcción; permisos de uso; permiso único; documentos ambientales; permisos o recomendaciones previamente evaluados y otorgados por las entidades gubernamentales concernidas con relación al desarrollo y uso de terrenos y cualquier otra solicitud dispuesta mediante Reglamento Conjunto [...]. 23 LPRA secs. 9012s y 9018.

En lo pertinente, a través de la Ley Núm. 151-2013, 23 LPRA sec. 9028e, se enmendó la Ley Núm. 161-2009 para establecer expresamente que la LPAU, *infra*, regula de forma supletoria —y en ausencia de contradicción— los procedimientos celebrados al amparo de la Ley para la Reforma del Proceso de Permisos de Puerto Rico. *Spyder Media Inc. v. Mun. de San Juan*, supra, a la pág. 555. Aunque, como norma general, a los gobiernos municipales, sus entidades o corporaciones no les aplican las disposiciones de la LPAU[3], *infra*, en los casos como el de referencia, relacionados a una consulta de ubicación ante la OPMASJ, sí aplica.

**B.**

Es principio establecido que el debido proceso de ley ofrece también protección contra la arbitrariedad administrativa y requiere "un proceso justo y equitativo que respete la dignidad de los individuos afectados". *Aut. Puertos v. HEO*, 186 DPR 417, 428 (2012); *Almonte et al. v. Brito,* 156 DPR 475 (2002); *López Vives v. Policía de P.R.,* 118 DPR. 219, 231 (1987); *Henríquez v. Consejo Educación Superior*, 120 DPR 194, 202 (1987).

---

[3] Véase, secs. 1.3(a) y 1.4 de la LPAU, 3 LPRA secs. 9603–9604.

En los procesos administrativos, la adjudicación constituye el procedimiento mediante el cual una agencia determina los derechos, obligaciones o privilegios que corresponden a una parte. Sección 1.6 (b), *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, 3 LPRA sec. 9601, *et seq.* (LPAU). En los casos como el de autos, el procedimiento se torna adjudicativo luego de que la agencia otorgue o deniegue un permiso. *IRR Gas Station Corp. v. OGPe*, 203 DPR 995, 1007 (2020) (Sentencia)[4], citando a *Ranger American v. Loomis Fargo*, 171 DPR 670, 679 (2007), nota al calce núm. 4.

En el anterior contexto, la sección 3.1 (a) de la LPAU, 3 LPRA sec. 9641 (a), dispone que en todo procedimiento adjudicativo formal ante una agencia se salvaguardarán los siguientes derechos:[5]

(A) Derecho a notificación oportuna de los cargos o reclamos en contra de una parte;

(B) Derecho a presentar evidencia;

(C) Derecho a una adjudicación imparcial;

(D) Derecho a que la decisión sea basada en el expediente.

A su vez, entre las garantías que conforman el debido proceso de ley, la jurisprudencia ha reconocido: la concesión de vista, previa oportuna y adecuada notificación, derecho a ser oído, confrontarse con los testigos, presentar prueba oral y escrita en su favor y finalmente la presencia de un adjudicador imparcial. *López y otros v. Asoc. de Taxis de Cayey*, 142 DPR 109 (1996), citando a *Henríquez v. Consejo Educación Superior*, supra; *Ortiz Cruz v. Junta Hípica*, 101 DPR 791, 795 (1973).

De otro lado, como es sabido, las decisiones administrativas están cobijadas por una presunción de legalidad y corrección, de

---

[4] Opinión de conformidad de la Juez Asociada Señora Rodríguez Rodríguez, a la que se unieron la Jueza Presidenta Oronoz Rodríguez y el Juez Asociado Señor Colón Pérez.

[5] Véase, además, *Álamo Romero v. Adm. De Corrección*, 175 DPR 314 (2009); *Almonte et al. v. Brito*, supra; *Rivera Rodríguez & Co. v. Lee Stowell, Etc.*, 133 DPR 881 (1993).

modo que los tribunales apelativos conceden deferencia a las mismas. *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *Vélez v. A.R.P.E.,* 167 DPR 684, 693 (2006); *Otero v. Toyota,* 163 DPR 716, 727 (2005). Es por esta razón que nuestra autoridad revisora se ciñe a determinar si la agencia actúo de forma arbitraria, ilegal, o de manera tan irrazonable que su actuación constituyó un abuso de discreción. Véase, *OCS v. Point Guard Ins.*, 205 DPR 1005, 1027 (2020); *Mun. de San Juan v. J.C.A.*, 149 DPR 263, 280 (1999); *Misión Ind. P.R. v. J.P.,* 146 DPR 64, 134 (1998). Por lo tanto, el criterio rector es la razonabilidad de la agencia recurrida. *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 892 (2008).

De igual forma, al momento de evaluar una decisión administrativa debemos tomar en consideración, no solo la especialización y experiencia de la agencia sobre las controversias que tuviera ante sí, sino que también debemos distinguir entre cuestiones relacionadas a la interpretación de las leyes —donde los tribunales somos los especialistas— y aquellos asuntos propios para la discreción o pericia administrativa. *Íd.*

Al aplicar ese criterio de razonabilidad y deferencia se ha dispuesto por la jurisprudencia que los foros apelativos no debemos intervenir con las determinaciones de hechos que las agencias formulan, si las mismas están sostenidas por evidencia sustancial que obre en el expediente administrativo.[6] Bajo dicho escenario, los foros apelativos debemos sostenerlas. Sec. 4.5 de la LPAU. Del mismo modo, las conclusiones de derecho y las interpretaciones que realizan las agencias sobre la ley que le corresponde administrar, aunque revisables en toda su extensión, deben ser sostenidas a nivel apelativo si estas son razonables, aunque haya alguna otra

---

[6] Evidencia sustancial es aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Otero v. Toyota*, supra, a la pág. 728.

interpretación igualmente adecuada. *P.R.T.C. v. J. Reg. Tel. de P.R.*, 151 DPR 269, 283 (2000); *Misión Ind. P.R. v. J.P.*, supra, a la pág. 133.

Ahora bien, debemos puntualizar que -dado al hecho de que las resoluciones de los organismos administrativos se presumen correctas- quien impugne la misma tiene el peso de la prueba, por lo que deberá presentar evidencia suficiente para derrotar la presunción que estas poseen. *Pacheco v. Estancias*, 160 DPR 409, 431 (2003). De lo anterior surge claramente que la carga probatoria le corresponde a la parte que impugna la decisión administrativa, por lo que, de incumplir con ella, la disposición de la agencia deberá ser respetada por el foro apelativo.

### III.

En esencia, los recurrentes aducen que la OPMASJ aprobó la consulta de ubicación de Evinmotors en contravención al estado de derecho vigente. Alegan que durante dicho trámite se les violentó el debido proceso de ley al que tienen derecho por ser parte en el caso. Argumentan que era necesario celebrar una vista pública que les permitiera participar en los procesos, al palio de la Ley Núm. 161-2009 y el Reglamento Conjunto de 2020[7]. Afirman que la OPMASJ dictó una resolución de forma *ultravires*, arbitraria y en abuso de su discreción, basada en un expediente incompleto. Por su parte, Evinmotors esboza que no era necesaria la celebración de una vista pública. Arguye que la OPMASJ tomó en consideración los argumentos de los recurrentes, los cuales constaban por escrito en su solicitud de intervención. Añade que la OPMASJ actuó razonablemente al dictar la resolución recurrida.

---

[7] Reglamento 9233 del Departamento de Estado de Puerto Rico, *Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionado al Desarrollo, Uso de Terrenos y Operación de Negocios.*

Ahora bien, según expuesto, la OPMASJ incoó una moción ante nos, mediante la cual se allanó a lo solicitado por los recurrentes. Ello, por entender que, en efecto, se les violentó el debido proceso de ley durante el trámite administrativo de la consulta de ubicación de Evinmotors.

Debido a la presunción de corrección que cobija las determinaciones de las agencias administrativas, debemos determinar si la resolución de la OPMASJ estuvo basada en evidencia sustancial que surge del expediente o, por el contrario, si dicha oficina actuó de manera irrazonable, arbitraria, caprichosa o ilegal. *Vélez v. A.R.P.E.*, supra, a la pág. 693. De estar basadas las determinaciones de hechos en evidencia sustancial que surge del expediente, las mismas deberán ser sostenidas por este tribunal.

Tras analizar el récord de autos, resulta claro que la OPMASJ no salvaguardó el debido proceso de ley de la parte interventora, en este caso los recurrentes. La propia Oficina admite que las recomendaciones del Comité de Permisos no tomaron en consideración la posición de los recurrentes.

En resumen, concluimos que la OPMASJ no actuó razonablemente al emitir su dictamen. Por ello, procede revocar la resolución recurrida y, según propuesto por la OPMASJ, debe celebrarse una vista pública en la cual se conceda la plena participación de los recurrentes y el público en general. Nuestra determinación se centra en garantizarle a los recurrentes los derechos provistos por la LPAU y la jurisprudencia aplicable, previo a que la OPMASJ determine finalmente si la consulta de ubicación de Evinmotors procede, según la prueba que obra en el expediente administrativo.

**IV.**

Por los fundamentos anteriormente esbozados, se revoca la *Resolución de Consulta de Ubicación* recurrida y se devuelve el caso

de epígrafe a la OPMASJ para la continuación de los procedimientos,

conforme lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones