Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| JUNTA DE TITULARES DEL CONDOMINIO CARLO<br>PETICIONARIA<br><br>V.<br><br>SUCN. DE CONCETTA CALISE CINTRÓN, IVETTE CALISE CINTRÓN Y OTROS<br>RECURRIDA | TA2025CE00445 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2023CV09903<br><br>Sobre:<br>Cobro de dinero |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Jueza Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de diciembre de 2025.

Comparece la Junta de Titulares del Condominio Carlo (en adelante, peticionaria o Junta) y nos solicita que revisemos la *Sentencia Parcial* emitida y notificada 14 de agosto de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, foro primario o TPI). Mediante el referido dictamen, el foro primario ordenó a la Junta recalcular una deuda acumulada por la Sra. Ivette Calise Cintrón (en adelante, recurrida o Sra. Cintrón), por concepto de cuotas de mantenimiento, derramas y pólizas de seguro.

### I.

El 23 de octubre de 2023, la Junta presentó una *Demanda* de cobro de dinero en contra de la Sucesión de Concetta Calise Cintrón e Ivette Calise Cintrón[1], como titulares del apartamento 3-A de dicho Condominio.[2] Alegó que la parte recurrida adeudaba dinero por cuotas de mantenimiento, derramas y el pago de seguro correspondientes al Apartamento 3-A del Condominio Carlo. Según

---

[1] Inicialmente la *Demanda* se presentó contra la Sucesión de Concetta Calise Cintrón, pero luego se enmendó para dejar como parte demandada a la Sra. Ivette Calise Cintrón, toda vez que esta adquirió el apartamento por herencia de la Sra. Concetta Calise Cintrón. Véase Entrada 6 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del TPI.

[2] Entrada 1 del SUMAC del TPI.

las alegaciones, hasta diciembre de 2023 la deuda, que estaba vencida, líquida y exigible, ascendía a $41,088.97.

El 14 de marzo de 2024, la Sra. Cintrón presentó su *Contestación a Demanda y Solicitud de Desestimación*, aceptando la existencia de una deuda, pero cuestionando el método utilizado por la Junta para calcular la deuda y la jurisdicción del TPI para atender la controversia por estar pendiente una reclamación ante el Departamento de Asuntos del Consumidor (DACo).[3] Posteriormente, la recurrida presentó una nueva *Moción Solicitando Desestimación y en Cumplimiento de Orden* en la que volvió a plantear el asunto de la alegada falta de jurisdicción del TPI, por corresponderle al DACo atender la reclamación.[4] Los peticionarios presentaron su *Moción en Oposición a Desestimación*[5] y, el 7 de mayo de 2024, el TPI declaró No Ha Lugar la desestimación.[6]

Tras varios incidentes procesales, en la *Conferencia con Antelación al Juicio*, celebrada el 5 de marzo de 2025, las partes argumentaron que la controversia principal consistía en el cómputo utilizado para calcular el balance pendiente de pago y cómo se estaban aplicando las penalidades del 1% y 10% impuestas por ley.[7] A esos efectos, el TPI concedió a las partes un término para que presentaran un escrito en el que explicaran cómo se estaba haciendo el cómputo de la deuda y cómo se estaban aplicando los por cientos a las penalidades. El 8 de mayo de 2025, ambas partes sometieron sus mociones.[8]

La Junta sostuvo que la deuda acumulada incluía la cuota mensual de mantenimiento, las derramas aprobadas por la Junta, la parte proporcional de la prima de la póliza de seguro del

---

[3] Entrada 13 del SUMAC del TPI.
[4] Entrada 19 del SUMAC del TPI.
[5] Entrada 21 del SUMAC del TPI.
[6] Entrada 27 del SUMAC del TPI.
[7] Entrada 55 del SUMAC del TPI.
[8] Véanse Entradas 56 y 57 del SUMAC del TPI.

condominio y las penalidades estatutarias que dispone la Ley. Asimismo, indicó que la penalidad del 10%, así como la penalidad adicional del 1%, ambas en concepto de mora, aplicaban a cualquier tipo de deuda acumulada, ya sean por cuotas de mantenimiento, derramas o pólizas de seguro.

Por su parte, la recurrida argumentó que el cómputo que estaba realizando la Junta era incorrecto ya que estaban aplicando las penalidades e intereses de manera compuesta y no individual y que las penalidades del 1% y el 10% no aplican a derramas ni a pólizas de seguro, sino que sólo corresponde aplicarse a las deudas por cuotas de mantenimiento.

Así las cosas, el 14 de agosto de 2025, el TPI, luego de evaluar los escritos de las partes, notificó una *Sentencia Parcial* en Cobro de Dinero a favor de la Junta, en la que dispuso:

1. SE CONDENA a la parte demandada IVETTE CALISE CINTRÓN a pagar a la parte demandante los adeudos sobre las cuotas de mantenimientos del apartamento 3-A del Condominio Carlo por el período de enero de 2011 a octubre de 2020, una vez este Tribunal establezca por sentencia la cantidad adeudada.

2. SE ORDENA a la Demandante a calcular la deuda por cuotas de mantenimiento conforme a lo aquí dispuesto, a saber, siguiendo las directrices siguientes:

   a. Excluir del cómputo de la deuda por cuotas de mantenimiento, para efectos de calcular la penalidad del 1% y del 10%, cualquier deuda por derramas y pólizas de seguros;

   b. Calcular el 10% de penalidad sobre la cantidad mensual de $133.47;

   c. Calcular el 1% de penalidad, desde que se dejó de pagar por 3 meses consecutivos, sobre el total adeudado que se va acumulando mensualmente.[9]

Inconforme, el 12 de septiembre de 2025, la Junta presentó el recurso ante nuestra consideración señalando como único error lo siguiente:

---

[9] Entrada 61 del SUMAC del TPI.

**ERR[Ó] EL TPI AL RESOLVER QUE SE DEBE EXCLUIR DEL CÓMPUTO DE LA DEUDA POR CUOTAS DE MANTENIMIENTO, PARA EFECTOS DE CALCULAR LA PENALIDAD DEL 1% Y DEL 10%, CUALQUIER DEUDA POR DERRAMAS Y PÓLIZAS DE SEGUROS.**

En esencia, la peticionaria sostiene que la interpretación que realizó el TPI sobre el Artículo 59 de la Ley de Condominios de Puerto Rico, Ley Núm. 129-2020, según enmendada, 31 LPRA sec. 1923d (en adelante, Ley de Condominios), fue errónea y que la aplicación de las penalidades del 1% y el 10% a las deudas por derramas y pólizas de seguro no iba contra la ley, la moral, ni el orden público, sino que, por el contrario, formaba parte de la política pública que fomenta la Ley de Condominios.

El 26 de septiembre de 2025, la parte recurrida presentó su *Alegato en Oposición a Certiorari*, apoyando la determinación del TPI. En la misma fecha, este Tribunal emitió una *Resolución*, notificada el 30 de noviembre, en la que le solicitamos al DACo que expresara su posición sobre la aplicabilidad de las penalidades a derramas y pólizas de seguro. El 24 de noviembre de 2025, DACo compareció e indicó que, según su interpretación, las penalidades del Artículo 59 de la Ley de Condominios, *supra*, son de aplicación para las cuotas de mantenimiento y que, en ausencia de disposición expresa en la ley, no le son aplicables a las derramas, multas, seguros vencidos u otros cargos.[10]

Con el beneficio de la comparecencia de ambas partes, procedemos a revolver.

## II.

### *A. Certiorari*

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *BPPR v. SLG Gómez-*

---

[10] Entrada 8 del SUMAC del TA.

*López,* 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *BPPR v. SLG Gómez-López, supra,* pág. 337; *Rivera et al. v. Arcos Dorados et al., supra,* pág. 209; *IG Builders et. al. v. BBVAPR,* 185 DPR 307, 338 (2012). Esta discreción se ha definido como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo* v. *Rivera Montalvo,* 205 DPR 352, 373 (2020); *Negrón* v. *Srio de Justicia,* 154 DPR 79, 91 (2001). Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en abstracción del resto del Derecho. *Pueblo v. Rivera Montalvo, supra,* pág. 372, citando a *Negrón v. Srio. De Justicia, supra; Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728-729 (2016).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, delimita nuestra autoridad y prohíbe la intervención en las determinaciones interlocutorias emitidas por el Tribunal de Primera Instancia, salvo en contadas excepciones. *Scotiabank de Puerto Rico v. Zaf Corporation,* 202 DPR 478, 486-487 (2019). Lo previamente señalado persigue evitar dilaciones al revisar controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Id.* Así pues, la Regla 52.1 de Procedimiento Civil, *supra,* dispone que podemos expedir el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el foro primario cuando:

> [S]e recurra de una resolución u orden bajo las Reglas 56 [Remedios Provisionales] y 57 [*Injuction*] o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar

órdenes o resoluciones interlocutorias [...] cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. 32 LPRA Ap. V, R. 52.1.

A esos efectos, acreditada debidamente nuestra autoridad para intervenir en el asunto recurrido, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___ (2025), R. 40, establece los criterios que deben guiar nuestra determinación sobre si procede o no expedir un auto de *certiorari. Rivera et al. v. Arcos Dorados et al., supra*, pág. 209; *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019). Los criterios esbozados son los siguientes:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ahora bien, ninguno de los criterios antes citados es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró,* 165 DPR 324, 335 esc. 15 (2005), citando a H. Sánchez Martínez, *Derecho Procesal Apelativo*, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560.

Por lo general, los tribunales revisores no intervienen con el manejo de los casos de los tribunales de instancia, salvo cuando "se

demuestre que este último actuó con prejuicio o parcialidad, que hubo un craso abuso de discreción, o que se equivocó en la interpretación o aplicación de alguna norma procesal o de derecho sustantivo". *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 155 (2000), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En tal sentido, al optar por no expedir el auto solicitado, no se está emitiendo una determinación sobre los méritos del asunto o cuestión planteada, por lo que esta puede ser presentada nuevamente a través del correspondiente recurso de apelación. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *García v. Padró, supra*, pág. 336.

Asimismo, el Tribunal Supremo de Puerto Rico ha expresado que "la denegatoria a expedir no implica la ausencia de error en el dictamen, cuya revisión se solicitó, ni constituye una adjudicación en sus méritos". *Torres Martínez v. Torres Ghigliotty, supra*, pág. 97. De manera que, la parte afectada por la decisión que finalmente tome el Tribunal de Primera Instancia no queda privada de la oportunidad de hacer ante el foro apelativo los planteamientos que entienda procedentes una vez se resuelva el pleito en el foro primario. *Núñez Borges v. Pauneto Rivera*, 130 DPR 749, 755-756 (1992).

### B. Ley de Condominios

La Condominios de Puerto Rico, *supra*, entró en vigor de manera inmediata y rige todos los inmuebles sometidos al régimen de Propiedad Horizontal, independientemente de la fecha de constitución del régimen. 31 LPRA sec. 1921nt. El propósito de esta ley es establecer un régimen jurídico que facilite la vida en convivencia y propicie la disponibilidad de viviendas en un área restringida de terreno. Exposición de Motivos de la Ley Núm. 129-2020. De esta forma, la ley dispone cuáles son los mecanismos legales para asegurar que los inmuebles sometidos al régimen de

propiedad horizontal puedan ser administrados de forma ordenada, asegurando la conservación de la propiedad compartida, evitando conflictos comunales y salvaguardando la funcionalidad del régimen. *Ayala Hernández v. Consejo Titulares*, 190 DPR 547, 564 (2014).

El pago de cuotas de mantenimiento es uno de esos mecanismos que constituye un elemento fundamental para el sostenimiento de la vida en comunidad y para lograr el disfrute pleno y la coexistencia. *Condominio First Federal v. LSREF2*, 202 DPR 934, 940 (2019). Las cuotas de mantenimiento constituyen una obligación para los titulares de los apartamentos quienes, con su aportación proporcional, contribuyen al bienestar del condominio y a la sana convivencia dentro del régimen. *Maldonado v. Consejo de Titulares*, 111 DPR 427, 430 (1981).

A esos efectos, el Artículo 59 de la *Ley de Condominios*, 31 LPRA sec. 1923d, establece la obligación de los titulares de contribuir proporcionalmente con los gastos para la administración, conservación o reparación de los elementos comunes del inmueble. La cantidad proporcional con que debe contribuir cada titular a los gastos comunes se determinará, fijará e impondrá al principio de cada año calendario o fiscal y vencerá y será pagadera en plazos mensuales. *Id.* Además, la ley dispone que "[n]ingún titular podrá librarse de contribuir a tales gastos por renuncia al uso o disfrute de los elementos comunes, ni por abandono del apartamento que le pertenezca." *Id.*

El incumplimiento de la aportación a los gastos comunes tiene el efecto de amenazar la preservación y la buena administración del inmueble sometido al régimen. *Asoc. de Condóminos v. Naviera*, 106 DPR 88, 91-92 (1977). Por ello, la ley permite el cobro de intereses, cargos y multas, suspensión de servicios básicos y hasta negar el derecho a votar en las asambleas, en casos donde los titulares no

cumplan con esta obligación. 31 LPRA secs. 1922w y 1923d; *Ayala Hernández v. Consejo Titulares*, 190 DPR 547, 576 (2014).

En lo pertinente a las penalidades permitidas por ley, el Artículo 59, 31 LPRA sec. 1923d, establece que:

> La administración podrá cobrar una penalidad del diez por ciento (10%) de la cuota impagada si transcurren quince (15) días del vencimiento de la mensualidad. [...] Si la falta de pago excede de tres (3) o más plazos, podrá conllevar una penalidad adicional equivalente al uno por ciento (1%) mensual del total adeudado.

En ese sentido, la ley da discreción a la Junta de Directores para que pueda ordenar la suspensión de ciertos servicios esenciales a aquellos titulares que adeuden dos (2) o más plazos de cuotas, cuotas especiales, derramas, multas vencidas o alguna prima vencida del seguro comunal. *Id.* Asimismo, la ley establece cuándo se podrá privar a un titular de su derecho a votar en las asambleas del Consejo y, en particular, dispone que no podrán hacerlo cuando "adeuden tres (3) o más plazos de cuotas, y/o derramas y/o cuotas especiales y/o multas con pago vencido de sesenta (60) días o más, y/o alguna prima vencida del seguro comunal." 31 LPRA sec. 1922w.

Es decir, del texto de la ley surge que la suspensión de servicios y la privación del derecho a votar en asambleas son mecanismos que están habilitados para imponerse en casos de titulares con deudas por concepto de cuotas de mantenimiento, derramas y/o pólizas de seguro, mientras que la imposición de la penalidad por el 1% o el 10%, según el texto de la ley, está disponible para deudas por concepto de cuotas mensuales.

De otra parte, en *Vázquez et al. v. DACo*, 2025 TSPR 56, 216 DPR __ (2025), *supra*, el Tribunal Supremo reiteró que corresponde a los tribunales resolver controversias y adjudicar derechos aplicando, en primer lugar, el texto de la ley. Ello responde al principio de que "[c]uando la ley es clara y libre de toda ambigüedad,

su texto no debe menospreciarse bajo el pretexto de cumplir su espíritu". *Id.*, citando el Artículo 19 del Código Civil de 2020, 31 LPRA sec. 5341. Así, cuando el legislador se expresa en términos inequívocos, dicho texto es la expresión más fiel de su intención. *Vázquez et al. v. DACo, supra*; *Spyder Media Inc. v. Mun. de San Juan,* 194 DPR 547, 555 (2016).

## III.

Luego de examinado el recurso ante nuestra consideración, no hemos encontrado fundamento legal alguno que amerite la expedición del auto de *certiorari*, al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, y la Regla 52.1 de Procedimiento Civil, *supra*. El foro primario atendió los planteamientos de ambas partes, resolvió la controversia conforme al texto aplicable de la Ley de Condominios, *supra*, y ordenó a la Junta recalcular la deuda conforme a lo resuelto en su *Sentencia Parcial*. No surge de los autos que el TPI haya incurrido en error, prejuicio, parcialidad o que haya abusado de su discreción, por tanto, este Tribunal no debe intervenir con el ejercicio de la discreción del foro primario.

## IV.

Por los fundamentos que anteceden, denegamos el auto de *certiorari* ante nuestra consideración.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La jueza Grana Martínez concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones